STANTON COUNTY, PLAINTIFF IN ERROR, V. S. S. CANFIELD, DEFENDANT IN ERROR.

**Practice:** CROSS-EXAMINATION OF WITNESSES. On cross-examination all questions properly within the scope of the direct examination which do not tend to criminate the witness, and which tend to elucidate, vary, contradict, or affirm his direct testimony, are pertinent and proper.

ERROR to the district court for Stanton county. Tried below before BARNES, J.

*John A. Ehrhardt,* for plaintiff in error.

*H. C. Brome,* for defendant in error.

MAXWELL, CH. J.

In November, 1879, the defendant filed an account against Stanton county for the sum of $223.50 for guarding and boarding one Frederick Bruner. The board of county commissioners of said county allowed

NOTE.—A witness cannot be cross-examined as to any fact which is collateral and irrelevant to the issue, merely to contradict him by other evidence if he should deny it, thereby to discredit his testimony. *Smith v. The State,* 5 Neb., 183. A cross-examination should be restricted to facts and circumstances drawn out on the direct examination. If it is desired to examine a witness on other matters the party must make the witness his own, and call him as such. *Davis v. Neligh,* 7 Neb., 87. But where a witness has related a portion of what took place at a particular time or place, etc., he may be cross-examined as to matters showing the entire transaction. *Id.* And see *Schlencker v. The State,* 9 Neb., 250. It is not proper on cross-examination to contradict a witness by reading from what purports to be a deposition previously given by him, and then ask him whether he had so testified. The correct rule is first to prove the deposition to be his, then read it as evidence, and cross-examine the witness as to any supposed discrepancies between his testimony in court and the deposition. *Cropsey v. Averill,* 8 Neb., 157.—REP.

him on said account the sum of $123.50. The defendant appealed to the district court, where judgment was rendered in his favor for the sum of $223.50 and costs. The county brings the cause into this court by petition in error.

On the trial of the cause in the district court, the defendant having testified on his direct examination that he held the prisoner from May 10th to September 15th, 1879, was asked on cross-examination the following question: "Isn't it a fact, Mr. Canfield, that during the greater part of this time that you claim for in this bill for guarding and boarding this prisoner, that the service of guarding and boarding had not been performed?" The question was objected to by the attorney for the defendant because it was incompetent, irrelevant, and immaterial, and the objections were sustained, to which the plaintiff excepted.

The answer of a witness on his direct examination, however positive it may be, does not preclude the adverse party, upon cross-examination, from requiring the witness to deny or re-affirm his previous statement, or from stating the circumstances connected therewith, which tend to disprove it. The question therefore was pertinent and proper cross-examination, and the court erred in excluding it.

Other questions of the same nature were asked, and ruled out upon the same grounds.

This case differs from that of *Malloy v. McMillan*, *ante* page 228, in this: In that case the plaintiff sought to prove the existence of certain facts by preserving the questions asked the witness in the bill of exceptions without showing or offering to show what he expected to prove by the witness. In such case it was held that the evidence must be offered and excluded; in other words, that the mere exclusion of a question proper in itself did not establish the fact that the an-

swer would be responsive to the question or favorable to the party asking it. But this rule has no application to the cross-examination of a witness. In such case all questions properly within the scope of the examination, which do not tend to criminate the witness, and which tend to elucidate, vary, affirm, or contradict the direct examination, are pertinent and proper.

The judgment of the district court is reversed, and the cause remanded for a new trial.

REVERSED AND REMANDED.