No. 5310.

A. P. ROBINSON v. THE STATE.

1. PRACTICE—VERDICT.—The trial courts of this State have the power to reject an informal or illegal verdict, and such a verdict can not be held to operate as an acquittal unless the intention of the jury to acquit is apparent. Likewise, informal verdicts may be amended under the direction of the court.
2. SAME—NEW TRIAL.—The award of a new trial because of an informal or illegal verdict places the case in the same condition as if no trial had been had.
3. JEOPARDY—FORMER ACQUITTAL.—Neither jeopardy nor former acquittal are such pleas as can be interposed by a defendant at a subsequent trial upon a showing that his conviction on his former trial was set aside by the trial court because of an illegal verdict.
4. SAME.—The failure of the jury to pass upon the pleas of jeopardy and former acquittal in the absence of any supporting proof, can not operate to the prejudice of an accused, and, therefore, becomes immaterial.

APPEAL from the District Court of Bexar. Tried below before the Hon. G. H. Noonan.

The conviction in this case was for the robbery of one Lawrence Kronkosky, in Bexar county, Texas, on the third day of November, 1886. The penalty assessed against the appellant was a term of forty years in the penitentiary.

The brief record in this case, in addition to the proceedings on the first trial as stated in the opinion, discloses the following

state of facts: About noon of the day alleged in the indictment, the defendant entered a camp on the Cibolo creek in Bexar county, Texas, occupied by Lawrence Kronkosky, a peddler, and his little son. He made inquiries of the peddler concerning the various settlements, and the roads traversing the country, and, upon the peddler's invitation, partook of dinner. Just as the peddler was in the act of starting his team, to resume his journey, the defendant confronted him with a cocked pistol, and demanded his money. He fired and shot the peddler in the body before an answer could be given, and when the peddler sprang from his wagon, fired a second shot, inflicting a scalp wound. The peddler's boy then started toward a distant house for aid, and was fired on by defendant as he ran. The peddler becoming exhausted from loss of blood, the defendant rifled his pockets, securing about twenty dollars.

No brief for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

Hurt, Judge. This was a conviction for the offense of robbery, in which there were two trials. On the first trial the defendant pleaded guilty, and was convicted of "theft of twenty dollars, and assessed his punishment at confinement in the penitentiary for thirty years." The foreman of the jury requested the presiding judge to have the verdict put in proper form. Whereupon the district attorney wrote the following verdict: "We, the jury, find the defendant guilty of robbery, as charged in the indictment, and assess his punishment at thirty years confinement in the State penitentiary." This verdict, so amended, was signed by the foreman and was read to the jury, they answering that it was their verdict. The jury was then polled, each juror returning a like answer. Appellant objected to the verdict being thus amended, and reserved a bill of exceptions. A new trial was granted, whether at the request of appellant or by the court of its own motion does not appear. Upon the second trial appellant pleaded specially former conviction and jeopardy.

Do the above facts confer upon appellant the right to either of these pleas? We think not. If there was no authority to amend the verdict under the facts of this case, then judgment should have been entered upon it, unless it was illegal.

The verdict found the defendant guilty of theft, and the punishment was assessed at thirty years confinement in the State penitentiary. The punishment is illegal, ten years being the maximum for such theft. The verdict being illegal, the court of its own motion had the right to set aside and vacate the same.

But it may be urged for appellant that the jury should not have been discharged, but should have been ordered to retire and consider still further of their verdict. An informal,—and with greater reason an illegal,—verdict may be rejected by the court, and will not operate as an acquittal, unless plainly intended. (Alston v. The State, 41 Texas, 39; Allen v. The State, 26 Ark., 33; Murphy v. The State, 7 Col., 516; The State v. Rowe, 10 Neb., 388.)

We have been proceeding upon the theory that the first verdict could not be amended. But we are clearly of opinion that under our statute, as well as at common law, it could. (Code Crim. Proc., 628; Bish. Crim. Prac., 1005, 1013.)

The court having the authority to amend, the verdict as amended was legal, and the case stands as though there had been no informal or illegal verdict.

Under these conditions appellant was granted a new trial, and upon a second trial pleaded acquittal and jeopardy. There is nothing in the record to support either plea; and upon motion for the State they should have been stricken out. Hence, the failure of the jury to pass upon his plea could work him no injury.

We have examined the other grounds assigned as errors, and find them not well taken.

*Affirmed.*