## No. 6057.

## E. A. STERLING AND TOM MATLOCK v. THE STATE.

PRACTICE—JEOPARDY—WAIVER.—It is a well settled rule that, "if a defendant moves in arrest of judgment, or applies to a court to vacate a judgment already rendered, for any cause and his motion prevails, he will be presumed to waive any objection to being put a second time in jeopardy, and so may ordinarily be tried anew." See the opinion for a case to which the rule applies.

APPEAL from the County Court of Bell. Tried below before the Hon. J. M. Roseborough, County Judge.

The appellants in this case were jointly tried and convicted of simple assault, and the penalty assessed against them was a fine of five dollars each.

The disposition made of the appeal does not require a statement of the facts proved.

*Monteith & Furman* and *Harris & Saunders*, for the appellants: The judgment of the court is the sentence of the court on the verdict of the jury, and can adjudge no other penalty against a defendant than that assessed by the jury. The judgment rendered in this case on April 1, 1887, adjudged the defendants guilty and assessed a separate fine against each. The verdict of the jury, which was the basis for said judgment, found the defendants guilty, and assessed a joint fine against them. The defendants moved to have said judgment so corrected as to conform to said verdict, which motion was overruled by the court, and to which ruling defendants excepted. (Bouvier's Law Dictionary, Judgments; Rapelje & Lawrence's Law Directory, Judgments.)

Where the verdict of a jury against a defendant is wrong, but was produced by some error of the court, to which he objected, and a judgment is rendered which seeks to amend the verdict, the defendant may, without waiving his right to object to a second jeopardy, move to have the error corrected.

The verdict in this case was as follows: "We, the jury, find the defendants guilty of simple assault, and assess their fine at

five dollars," etc.    The charge of the court was as follows: "You will assess their punishment at a fine of," etc.    Also, " You will find them guilty of simple assault and assess the punishment by fine."    The judgment rendered assessed a separate fine against each of the defendants.    Defendants moved to have said judgment so corrected as to conform to the verdict of the jury, in which said motion defendants expressly stated that they did not ask for or desire a new trial, and expressly excepted to, objected to, and protested against a new trial.    (1 Bishop on Crim. Law, secs. 999, 1045, 1046, 1047, also note 2, under sec. 1047; The People v. Goldstein, 32 California, 432; Shepherd v. The People, 25 New York, 406, 418.)

When the jeopardy has attached and there is no conviction, or a verdict of conviction is rendered which is of such character as that it will not support a judgment, but the verdict is nevertheless received by the court, and the jury discharged without the consent of the defendant, the defendant is entitled to have a judgment of acquittal entered, and to demand such judgment to be entered of record, without thereby waiving his right to object to a second jeopardy.

In this case jeopardy had attached before there was any error either in the charge of the court or verdict of the jury.    The court charged the jury to find, if they found any, a joint verdict.    The jury found a joint verdict and assessed a joint penalty against both defendants.    The judgment assessed a separate fine adjudging the defendants guilty.    The defendants, on April 4, 1887, moved to have said judgment corrected.    The court received said verdict and discharged said jury without the consent of the defendants.    The verdict rendered was equal to a verdict of acquittal, as it was received, the jury discharged and judgment entered thereon without the consent of the defendant. (Bish. Crim. Proc., sec. 586, 587; Wright v. The State, 7 Ind., 324; Reese v. The State, 8 Ind., 416; The State v. Nelson, 7 Ala., 610; Flynn v. The State, 8 Texas Ct. App., 398; Williams v. The State, 5 Texas Ct. App., 226.)

In criminal cases the power of courts over their judgments during the term at which they are rendered, does not extend to cases where punishment has already been inflicted in whole or in part; unless on motion of defendant to set the judgment aside.

On April 1, 1887, the defendants were tried and convicted and judgment was rendered against them, assessing a pecuniary fine against each, and remanding them to the custody of

the sheriff of Bell county until the fine and costs were paid. On April 6, 1887, the court, of his own motion, vacated and set aside this judgment and forced a new trial on the defendants, over the protest, objection and exception of defendants.

Defendants' motion was to correct the judgment, and did not attack the verdict of the jury, nor ask for a new trial. (Grisham v. The State, 19 Texas Ct. App., 504.)

Where the defendant, on his trial in a court of competent jurisdiction, in addition to the plea of not guilty, files and presents a special written plea of former jeopardy, which plea shows on its face that the defendant had been once before tried for the same offense, in the same court, on the identical charge then pending, presented on the identical information, and that on said trial the proceedings were regular, the information valid, the jury duly impaneled and sworn, the plea of not guilty duly entered, the evidence and argument heard, the jury charged and a verdict rendered, the jury discharged without the consent of defendant, and judgment final rendered in said verdict, but set aside by the court of its own motion, five days after rendition thereof, over exception of defendant, it is error for the court to strike out said plea of former jeopardy and exclude defendant's evidence offered in support thereof, on the ground that the plea is insufficient in law.

The written plea of former jeopardy, duly sworn to, was submitted with the plea of "not guilty" at the trial of appellants on the twenty-seventh day of September, 1887. The same, and all the evidence offered in support thereof, was excluded, to all which rulings of the court the defendants excepted.

The special plea of former jeopardy is as follows, to wit: "No. 1599. The State of Texas v. Tom Matlock, et. al. Cause pending in County County Court Bell county, Texas, May term, 1887."

"Now comes the defendant, E. A. Sterling, and for special plea in bar herein, says that the State ought not further to prosecute this cause against them, because he says that heretofore, to wit, on the first day of April, A. D., 1887, in this court, he, together with Tom Matlock, was in due form of law put upon trial upon the identical information herein filed, and a jury being impaneled and sworn, these defendants each entered a plea of "not guilty," and the said cause was, in due form of law, submitted to said jury on the evidence, argument of counsel and charge of the court, and the said jury retired to consider of their

verdict, and on the same day said jury returned into open court
the following verdict to wit:   'We the jury, find the defend-
ants guilty of simple assault and assess their fine at five dollars.
C. B. Richards, Foreman,' which said verdict was received, and
said jury was then and there discharged, and judgment then en-
tered by the court against these defendants adjudging them
guilty of simple assault, and assessing the fine against each at
the sum of five dollars, which said verdict of said jury, assessed
a joint fine against these defendants, and which said judgment
assessed a several fine against these defendants.    Which said
verdict was an irregular and illegal verdict, which would not
support a valid judgment against these defendants, and which
said verdict having been received, the jury discharged, and the
judgment entered thereon, could not then be amended, and is
equivalent to an acquittal of these defendants; which said judg-
ment, the same being in form a valid judgment, was thereafter-
wards set aside by the court of its own motion, over the objec-
tion, protest and exception of defendants, and a new trial or-
dered in this case.    Wherefore defendants say that, heretofore,
on the first day of April, 1887, at a regular term of the county
court of Bell county, Texas, these defendants were regularly
placed upon their trial on a valid information charging them
with aggravated assault, of which cause said court then and
there had full and competent jurisdiction, and in said trial,
jury having been impaneled and sworn, and defendants required
to plead to said information, pleaded 'not guilty;' whereupon
said jury returned a verdict that would not sustain a judgment
and were discharged and judgment duly entered, and that said
judgment was then set aside and a new trial granted against
the will, protest, and without the consent of these defendants,
and a new trial ordered.    Whereby defendants say that the
State is, in no event, entitled to a new trial, and that by reason
of the premises they have once been in jeopardy on this accusa-
tion, and the State ought not, and can not be permitted further
to prosecute this suit against them," etc., etc.   (Grisham v. The
State, 19 Texas Ct. App., 504; Brink v. The State, 18 Texas Ct.
App., 344; Powell v. The State, 17 Texas Ct. App., 345; Pizano
v. The State, 20 Ct. App., 139.)

We respectfully submit that in the trial on the first day of
April, A. D. 1887, the verdict of the jury was entirely responsive
to the charge of the court.    The language of the court in its
charge to the jury was, "You will find them guilty and assess

their fine," etc.; and the language of the jury in the verdict was, "We find them guilty," etc., and "assess their fine," etc. On the sixth day of April, A. D. 1887, the court, of its own motion, set aside its judgment rendered on said verdict, "it appearing to the court that the verdict of the jury in this cause is *vague, uncertain* and *informal,* and will not authorize a proper judgment in the case." This is the language of the court. Now, we submit that if the verdict is "vague, uncertain and informal," and yet is entirely responsive to the charge of the court, it follows that the same objections apply with equal force to the charge. Jeopardy had attached before this charge was given; the error in the verdict was the legitimate offspring of the erroneous charge, and this misdirection of the court was to the prejudice of the State and not of the defendants.

The court, then, virtually granted the prosecution a new trial, notwithstanding the fact that the defendants had been placed in jeopardy; and when the law declares that he shall not be put in jeopardy twice, it is a mockery to say that the court may bring him into as many jeopardies as it will, provided it misdirects the jury each time. "If the power which brings a man into and controls the jeopardy—namely, the court—proceeds unlawfully after the jeopardy has thus attached, it is not sound in legal reasoning to say that this unlawful conduct nullifies the jeopardy." The verdict rendered was one which the court pronounced "vague," etc., and not sufficient to authorize a judgment, yet the court did enter a judgment on said verdict, which went beyond the verdict in assessing the punishment.

We submit that the defendants had the right to demand that the verdict of the jury should be the measure of the extent to which they might be punished, if punished at all, and when the court undertook to render a judgment beyond and more onerous than the verdict which was its basis, that they had the right to ask that any unauthorized entry in said judgment, antagonistic to the finding of the jury, be corrected, without thereby waiving any of their constitutional rights. Otherwise the power that brings the defendant into jeopardy may, by violating the law in its charge, be guilty of errors to the prejudice of the State, and then seek to correct these errors by saying to the defendant: You must submit to being punished contrary to law or submit to abide the results of a second jeopardy.

We submit further, that the judgment rendered on the first day of April, 1887, remanded the defendants to the custody of

the sheriff of Bell county, Texas, until the fine and costs were paid; that on the sixth day of April, 1887, after a part of the sentence had been executed, and after a part of the punishment had been suffered, the court, of its own motion, set aside the judgment and forced the defendants to stand another trial, over their distinct and reiterated protest, thereby doubling the costs of the prosecution and forcing on the defendants this alternative: Either pay double the fine assessed by the jury, or, if you object to this, then your objection will be construed as a waiver of your constitutional rights.

We respectfully ask that the judgment rendered in this cause at the September term, A. D. 1887, of the county court be reversed for the errors herein complained of, and that, as the trial had in this cause at the April term, A. D. 1887, was tantamount to an acquittal, this cause be dismissed and these defendants be discharged.

*W. L. Davidson,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE.    Upon the first trial of these appellants under the indictment in this case (which was a joint trial) they were found guilty of a simple assault, but the verdict of the jury, instead of assessing the fine against each, assessed a joint fine against both.    The judgment, however, not following the verdict, assessed and adjudged a separate fine against each. Three days after the rendition of this judgment the defendants filed a motion to have this judgment corrected so as to have it conform to the findings of the verdict; in other words, to have the court render a judgment assessing a joint fine against defendants, and which judgment would have been illegal and invalid.    (Flynn v. The State, 8 Texas Ct. App., 398.)

This motion by defendants was tantamount to asking the court to vacate and set aside, absolutely, the judgment rendered, and substitute a wholly different one therefor.    Treating it as such, the court (and as we think properly) overruled the motion to substitute, but did set aside the judgment, and, of its own motion, over the protest and objection of defendants, ordered a new trial.    When the case was again called for trial defendants pleaded former jeopardy and acquittal, by virtue of the facts we have stated; which special plea was stricken out on motion of the county attorney, and the parties again placed upon trial, over their objections, and again convicted.    The question is,

was the plea a good one, and were the parties entitled to be discharged on account of the former proceedings had in the case?

The rule seems to be well settled that "if a defendant moves in arrest of judgment, or applies to a court to vacate a judgment already rendered, for any cause, and his motion prevails, he will be presumed to waive any objection to being put a second time in jeopardy, and so may ordinarily be tried anew." (Code Crim. Proc., arts. 20, 21; 1 Bish. Crim. Law, fourth ed., sec. 844; Simco v. The State, 9 Texas Ct. App., 338.)   Mr. Bishop says: "The test as to the effect of an imperfect verdict which has been received and recorded is, if it sufficiently finds anything, whether for or against the defendant, it will be interpreted by the court and judgment rendered on the one side or the other for what is thus found; otherwise it will be treated as null, the judgment arrested or be erroneous if rendered, and the defendant may be tried anew."   (1 Bish. Crim. Proc., third edition, sec. 1005; Dubose v. The State, 13 Texas Ct. App., 419.)   The same learned author, in a later work, treating of the procuring of a verdict or judgment to be vacated, says: "Whenever a verdict, whether valid in form or not, has been rendered on an indictment, either good or bad, and the defendant moves in arrest of judgment or applies to the court to vacate a judgment already entered, for any cause—as for many causes he may—he will be presumed to waive any objection to being put a second time in jeopardy, and so he may ordinarily be tried anew.   If the verdict against the prisoner is wrong, and it was produced by some error of the court to which he objected, a just view of the constitutional guaranty would permit him to have the error corrected without waiving his right to object to a second jeopardy.   Still, the practice in most cases has been otherwise."   (1 Bish. Crim. Law., secs. 998, 999.)

We are of opinion that, in making the motion to vacate the former judgment against them, the defendants have, notwithstanding the court went beyond what they asked, and not only set it aside but awarded a new trial, waived their right to claim former jeopardy, and that the court did not err in holding that said plea did not present any defense and should therefore be stricken out.

This being the only question in the case on this appeal, and believing that the ruling of the court below upon it is correct, the judgment is affirmed.

*Affirmed.*