MARY GRAHAM JOHNSON v. THE STATE.

No. 20843. Delivered February 14, 1940.
Rehearing Denied March 20, 1940.
Application for Leave to File Second Motion for Rehearing
Denied (Without Written Opinion) April 3, 1940.

The opinion states the case.

*Percy Woodard,* of Marshall, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is possessing beer and wine in a dry area for the purpose of sale; the punishment, a fine of $100.00.

Appellant's motion for new trial appears to have been filed June 28, 1939. The order overruling the motion for new trial bears no date and the record fails to disclose the date upon which said motion was overruled. At the time said order was made appellant was given sixty days in which to file her bills of exception. Several bills of exception are brought forward which appear to have been filed August 28, 1939. If we should assume that the motion for new trial was overruled on the date it was filed—June 28, 1939,—it appears that

appellant's bills of exception were filed sixty-one days from such date. This was too late to warrant their consideration.

No statement of facts is brought forward.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON REHEARING.

KRUEGER, Judge.

At a former day of this term we affirmed this cause in the absence of a statement of facts and because it did not appear that the bills of exceptions were filed within the 60 day period granted to appellant by the Court. Appellant has amended the record by a certified copy from the trial court's docket, showing that the motion for new trial was overruled on June 30, 1939. Consequently her bills of exceptions were filed in time.

Ordinarily bills of exceptions can not properly be appraised by us in the absence of a statement of facts, unless such bills embrace all of the evidence adduced before the jury. See Jackson v. State, 76 S. W., 1046; 4 Tex. Juris, p. 234 and authorities cited.

Appellant was charged by complaint and information with the possession in dry area of beer and wine for the purpose of sale. Bill of exception number one complains of the action of the trial court in permitting the county attorney to introduce in evidence a container with one-half gallon of port wine therein, which the officers found in an outhouse on the premises belonging to appellant and her husband. The objection urged thereto was that it was not shown that she ever knew it was there or that she had any connection therewith. The officers found in the dwelling house nine cans of beer and a quart of wine. They also found some empty beer cans and whisky bottles on the premises. Appellant testified that she did not place the wine in the outhouse, did not know it was there and had no connection therewith; that the beer and wine found in the dwelling house belonged to her son. The bill fails to show that she denied having possessed for the purpose of sale the intoxicating liquor which had been in the empty containers, or by whom such had been placed on her premises.

Nor was it shown that appellant did not make a voluntary confession. We are of the opinion that if this bill could be considered, the wine found in the outhouse, although she denied any knowledge thereof, was admissible as a circumstance, in connection with all other facts and circumstances shown to have existed on the premises at the time. It seems that the outhouse was locked and that when she was asked for the key to unlock it, she could not find it. From this an inference might be drawn that she possessed the key to the outhouse; hence it follows that she was in possession of everything contained therein to the exclusion of anyone else. We think the objection went more to the weight thereof than to its admissibility.

Bill of exception number two complains of the court's action in declining to submit to the jury a plea of former conviction in cause No. 3057 entitled "The State of Texas vs Mary Graham." It appears from the bill that in said cause appellant was charged with the possession for the purpose of sale of whisky in dry area. It also appears from the bill that after the conviction but before appellant's motion for new trial had been acted upon, the court set aside the judgment in the case and dismissed the cause against appellant. A new complaint and information was filed against appellant in this cause styled "The State of Texas vs Mary Graham Johnson, No. 3088." We see no error in these proceedings. In effect it amounted to the granting of appellant's motion for a new trial, the case against her being dismissed after the judgment had been set aside, and then the State being allowed to re-file against her. This was permissible under the law. See Sterling et al v. State, 25 Tex. Crim. Rep., 716, 9 S. W., 45; Robinson v. State, 23 Tex. Crim. Rep., 315, 4 S. W., 904, Branch's Ann. P. C. Sec. 631, p. 320 and authorities cited.

Bill of exception number three is insufficient and we are unable to appraise the same in the absence of a statement of facts. See Sparkman v. State, 82 S. W. (2d), 972, Enix v. State, 112 Tex. Crim. Rep., 376. Bills numbers four and five are without merit and we see no need in discussing them. As qualified, bill number six is without merit. The argument complained of in bill of exception number seven, when properly analyzed, shows nothing more than that the members of the Liquor Control Board had no interest in the case further than to enforce the liquor laws of this State. Moreover the bill fails to show that such argument was not invited or justified by the evidence. In the absence of a statement of facts, we cannot say

that the evidence is insufficient to justify and sustain appellant's conviction for possessing intoxicating liquor for the purpose of sale.

Cases brought to this court with the record in the condition in which we find this one are very unsatisfactory, and appellants might well realize that under such circumstances their chances of getting bills of exceptions properly considered by this court are exceedingly small.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.