### JIM DOYLE v. THE STATE.

No. 281. Decided February 16, 1910.

Rehearing denied April 13, 1910.

**1.—Burglary—Grand Jury—Promise of Immunity.**

Where, upon trial of burglary, the defendant set up a plea of immunity on the ground that another indictment was pending against him for burglary which was returned by the same grand jury who indicted him in the case on trial, and that said grand jury prior to returning the last bill of indictment agreed with him that they would not indict him if he would not commit any further violation of the law; and that the former case had been continued from term to term, etc., and that therefore the State was bound by this agreement, and that he was immune from further prosecution, etc. Held, that the grand jury had no right to make such an agreement to bind the State.

**2.—Same—Jury and Jury Law—Summoning Jury.**

Where, upon trial for burglary, the defendant objected to the manner of summoning the jury, and the question raised thereby had been decided against defendant, there was no error. Following Martin v. State, 57 Texas Crim. Rep., 595.

**3.—Same—Evidence—Other Offenses—Credibility of Witness.**

Upon trial of burglary there was no error to permit the State, on cross-examination of the defendant, to show that he was under another indictment for a similar offense.

**4.—Same—Variance—Charge of Court—Description of House.**

Where, upon trial of burglary, the evidence showed that in order for the person to have burglarized the building alleged in the indictment he had to go through another adjoining room to get into the burglarized building; that somebody had been in the latter building and got some of the property therein, and that like property was found on the defendant when he was found in the said adjoining room and arrested, and the court confined in his charge the burglary to the building as alleged in the indictment, there was no variance, and the court correctly refused a requested charge to find the defendant not guilty because of such alleged variance in the description of the house.

**5.—Same—Charge of Court—Intent—Drunkenness—Recent Use of Intoxicants.**

Upon trial of burglary, where there was no evidence of the defendant's insanity, except such as was produced by the recent use of intoxicating liquors, upon which the court charged correctly, there was no error in refusing a special requested charge that if defendant on account of such intoxication was unable to form an intent to steal, to acquit him.

**6.—Same—Charge of Court—Res Gestae—Name of Injured Party.**

Where, upon trial of burglary, the defendant was discovered in the retail establishment of a third party, which was a part of the same house which was alleged to have been burglarized, and through which defendant passed in effecting the burglary in the main building which was controlled by the party alleged in the indictment, there was no error in refusing a special requested charge that the defendant could not be convicted for breaking and entering the said retail establishment; as that circumstance was a part of the res gestae.

**7.—Same—Evidence—Res Gestae—Want of Consent.**

Where, upon trial of burglary, the evidence showed that the burglarized room was adjacent to another belonging to a different person than was alleged in the indictment, and that defendant had to enter to pass through the latter to get into the other described in the indictment, there was no error in permitting the owner of the room not described in the indictment to show want of consent as to the entry in his part of the house; as this was a part of the res gestae.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robert B. Seay.

Appeal from a conviction of burglary; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Wiley & Baskett,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was for burglary, the possession of the house being alleged in Charles Mangold.

1. The first bill of exceptions recites that there were two indictments against appellant charging him with two separate felonies; one charged burglary of a house belonging to N. S. Board, the other the indictment in this case; that the indictment in the Board case was

returned by the grand jury on the 29th of January, 1909. In this case the indictment was returned on the 3d of April, 1909, by the same grand jury that indicted appellant for burglarizing the Board house. This affidavit further avers that the grand jury prior to returning this bill of indictment had him before them and agreed with him that they would not indict him if he would not commit any further violations of the law. It is further recited that the Board case had been continued a time or two, and had been continued just before this case was called for trial. Appellant insists the agreement he made with the grand jury not to violate the law any further if they would not indict him, is binding on the State of Texas, and by reason of this agreement he should not be prosecuted, and especially in this case until after the disposition of the Board case; that he had not violated the law in what is termed the Board case, and that it should be determined in that case that he was guilty before he could be prosecuted in this case, and if it was determined in the Board case he was not guilty, that he should not be prosecuted in this case, because the agreement of the grand jury would relieve him from prosecution. This is the substance of his plea. We are of opinion that there is nothing in this contention. The grand jury had no right to make any such agreement with appellant, and if they did make it, it was not binding on the State nor the courts.

2. The second bill of exceptions was reserved to the manner of summoning the jury for the week that tried appellant. It is the same question that was decided in the case of Hattie Martin v. State, 57 Texas Crim. Rep., 595, decided at the present term. In accordance with the decision of that case, we hold there was no merit in appellant's insistence.

3. Another bill recites that the county attorney, while cross-examining appellant, who took the stand in his own behalf, held up and exhibited to appellant an envelope containing papers in cause No. 9562, it being a burglary charge against him that had not been tried, and asked appellant the following question: "You are now under indictment in this court in another case, No. 9562, that has never been tried, are you not?" Objection was urged that it was immaterial and irrelevant, and threw no light on whether or not the appellant was guilty in the case on trial; that the indictment was no evidence of guilt in that case, and could not be used as evidence against him. These objections being overruled, appellant answered, "Yes, sir." The court approves this bill with the statement that he only allowed the State's attorney to ask the witness if he was now confined in jail on another charge of burglary in which he had been indicted by the grand jury of Dallas County, to which question he affirmatively answered. The court further states that the State's attorney was not allowed to exhibit the papers or prove the number of the case, and they were not offered in evidence. With this explanation by the court we fail to see any error. It is legitimate under the decisions to show by the witness

that he has been indicted for felonies in other cases as a means of attacking his credibility as a witness.

4. Another bill of exceptions recites that the indictment charged appellant with the burglary of a house belonging to Charles Mangold; that the evidence showed that the front window in the house belonging to one Albert E. Mangold was broken out, and the defendant was found and arrested in the house of Albert E. Mangold, which was adjoining the house belonging to Charles Mangold; that the defendant was never seen in the house of Charles Mangold; that when he was arrested he was in the house of Albert E. Mangold, and when he was discovered in that house the doors between said two houses were closed; that there was a box of cigars missing from the Charles Mangold house, and the drawers in the office desk were open and the papers scattered on the floor; that there were cigars of the same brand in the Albert Mangold house that were in the Charles Mangold house, and it was not known whether any of them were missing, but the defendant was near said cigar case; that when arrested defendant had some cigars of a like brand in his pocket, but did not have a box of them. That there was no opening between said two houses testified to by any witness as being open when the defendant was discovered and arrested, except a large transom about three feet deep and about eight feet across; and that the State proved want of consent of Albert E. Mangold; that the foregoing is the substance of all the testimony adduced on said points; that thereupon when the State and defendant closed their testimony, the defendant in open court made an oral motion to direct a verdict of not guilty because of a variance between the name of the owner of the burglarized house as charged in the indictment, to wit: Charles Mangold, and that proved, to wit: Albert E. Mangold, which was overruled by the court, and exception taken by appellant. This bill was approved with the statement that the court did not submit to the jury any question as to Albert Mangold's saloon being broken, and did not intend to do so. That the jury were limited entirely to the question as to whether or not the defendant made a burglarious entry into the wholesale or Charles Mangold room. The court did not err in this matter. Albert Mangold testified, as shown by the statement of facts, that he was in charge of the saloon part of the establishment, and that it was a rear room cut off by a partition wall with an opening between the wholesale department and the retail department, and that this was where the transom was situate mentioned above. Charles Mangold was in charge of the wholesale department, and his testimony shows that somebody had been in the wholesale department, and in the drawers of the desk and scattered the papers, and got some cigars, and gave indisputable evidence that somebody had been in there who was not authorized to do so, and that this transom was open over the door between the two rooms. Appellant was not seen in the wholesale department, but was found in the adjoining room, the saloon, and arrested. We are of opinion the court did not err in

refusing to give the jury peremptory instructions to acquit. The evidence is sufficiently strong to authorize the jury to find that appellant had been in the other room.

5. Another bill of exceptions recites that appellant requested the court to instruct the jury that he must have the intent at the very time he breaks the house to commit the theft, and that this intent must exist at the very time, that if it is formed after entering the house it is not sufficient. In this same connection he further requested the court to charge the jury that unless they should believe beyond a reasonable doubt that defendant broke, if he did break and enter the Charles Mangold house, and that at the time he did he had no intent to commit theft, or if they had a reasonable doubt of it they would acquit him; or if they should find at the time he entered the house of Charles Mangold he was in such state of intoxication as to be unable to form an intent to steal personal property therefrom and that he did not so intend at that time, or if they had a reasonable doubt thereof, they would acquit. This charge was refused with the statement by the court that he charged fully on the question of drunkenness, there being no evidence even by the defendant himself as to insanity, except such as was produced by the recent use of intoxicating liquors. The court did not err in refusing the requested instruction. Appellant's testimony, detailed while on the stand as a witness, was that he had no recollection of entering the house, that he was drunk, and knew nothing about it, and had no recollection of it, nor did he regain consciousness until about four o'clock in the morning of the night of the burglary, the burglary having been committed before midnight. The court gave proper instructions under the article of the Penal Code covering cases wherein parties become drunk from the recent use of intoxicants.

6. The court was requested to charge the jury that they could not convict appellant for breaking and entering the retail establishment belonging to Albert E. Mangold, and that they would wholly disregard the testimony bearing on the breaking and entering of this retail establishment, and that before they could convict in this cause they must believe beyond a reasonable doubt from the evidence that defendant did as alleged by force enter the wholesale establishment belonging to Charles Mangold with the intent at the time he so entered, if he did, to commit theft as theft has been defined, and unless they so find beyond a reasonable doubt they should acquit. This charge was refused, and the bill is qualified with the statement that the court could not exclude the facts as to the entry of the Albert Mangold's house, they being a part of the res gestae, and to have charged as requested would have been to instruct on the weight of the evidence; that part of the charge requesting that the jury be told they could not convict except for the entry into the Charles Mangold room is fully covered in the general charge. There was no error on the part of the court refusing this charge. The evidence that appellant was discovered in

the retail establishment of Albert Mangold, it being a part of the same house separated only by a partition wall, and the fact that the wholesale establishment afforded evidence that appellant had been in that room, was a part of the res gestae, and not only was it res gestae, but it was admissible for the further purpose of showing that appellant was the party who had been in the wholesale establishment. It was not only therefore admissible, but it was a part of the case, and a necessary part, at least it was clearly admissible testimony in the case, and the court did not err in refusing to charge it out of the case.

7. While Albert Mangold was testifying he was permitted to state that he did not give appellant authority to enter that part of the house under his control, the objection being that he was not on trial for burglarizing Albert Mangold's house, and the question and answer would tend to put him on trial before the jury for breaking into the house and thereby prejudicing his case. The court states in qualifying the bill that this evidence showing that the rooms were adjacent and entered near the same time, the court deemed it proper and necessary to allow the State to show whether he was in either room legally. We are of opinion that as the matter is presented, the court did not err in permitting this evidence for the reason already indicated. It was part of the res gestae; it was the burglary of the same house, and the burglar under the circumstances had evidently gone from the room controlled by Charles Mangold into that controlled by Albert Mangold. We think the evidence amply sustains the verdict of the jury.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied April 13, 1910.—Reporter.]