J. W. Sparkman v. The State.

No. 17430.   Delivered April 10, 1935.
Rehearing Denied May 29, 1935.

The opinion states the case.

*O. M. Street* and *T. L. Wheeler*, both of Dallas, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is transporting motor fuel and gasoline under a false billing and manifest; the punishment, a fine of $500 and confinement in jail for 60 days.

The uncontroverted testimony on the part of the State was, in substance, as follows:  Appellant owned a Chevrolet truck which he used in transporting gasoline and fuel oil from Gladewater to Dallas.  On February 1, 1934, a State tax supervisor tested the tank on the truck and issued a certificate showing its dimensions.  The certificate number was K 99, which was stenciled on said tank.  There were four main tank compartments aggregating a capacity of 1022 gallons.  Com-

partment No. 1 had a capacity of 463 gallons and compartments 2, 3 and 4 carried 205, 206 and 148 gallons respectively. There was an auxiliary tank with a capacity of 60 gallons, which was used to transport fuel oil. The tank was oval shaped and on the date mentioned was 121½ inches long. None of the compartments had been enlarged by welding. In May, 1934, appellant told one of his employees that he was going to add to one of the compartments in order that the tank would carry an additional 100 gallons of gasoline. At 4:05 p. m., August 4, 1934, appellant drove his truck to the Acme Refining Company in Gladewater and had his tank completely filled with gasoline. He presented to J. W. Whitlock a manifest signed by him showing that he had received 1060 gallons of taxable gasoline. Said gasoline was billed to J. & W. Oil Company of Dallas, Texas. At about 4 a. m., August 5, 1934, which was approximately twelve hours after appellant had filled his tank at the Acme Refining Company, D. C. Crow, an employee of appellant, drove appellant's Chevrolet truck to the Acme Refining Company in Gladewater and filled the tank with gasoline. It was the same truck and tank—No. K 99—that appellant had used twelve hours before. Crow was stopped and the truck was taken into custody by a State tax supervisor. An inspection of the tank disclosed that the compartment which had had a capacity of 463 gallons had been enlarged by adding to the length thereof approximately 6½ inches. The capacity was 513 gallons. The welding was plainly visible. The tank was filled, the gasoline and fuel gasoline contained in the tank and auxiliary tank being approximately 1106 gallons. The tank had been repainted where welded with aluminum paint. On using sandpaper, the officers discovered the old paint, which showed the certificate number and the capacity of the tank.

Appellant contends that the evidence is not sufficient to show that at 4 p. m., August 4, 1934, he transported more than 1060 gallons of gasoline, as shown in the manifest. As already seen, the testimony showed that twelve hours after appellant had filled the tank and driven away under a manifest showing that he was transporting 1060 gallons of gasoline, the tank was again filled by his employee with 1106 gallons of gasoline. In each instance the tank had been completely filled. That one of the compartments had been enlarged was shown beyond question. The testimony, in its entirety, excludes the hypothesis that the welding and repainting could have been done in twelve hours. In short, we are of the opinion that the jury were warranted in concluding from the circumstances that the tank had

the same capacity at 4:05 p. m., August 4, 1934, as it did at 4 a. m., August 5, 1934. The tank was completely filled when appellant was driving it on the occasion mentioned, and it follows that it carried more than 1060 gallons of gasoline. Hence the manifest was false and untrue. Being of the opinion that the circumstances exclude every other reasonable hypothesis except that of appellant's guilt, we are constrained to hold the evidence sufficient.

It is shown in bill of exception No. 1 that appellant objected to the testimony of State's witness Charles Durning to the effect that he took appellant's truck in possession on the 5th of August, 1934, while it was being driven by one Crow, and, upon examination of said truck, discovered that the paint on the ends of the oil tank was brighter than at other places, and that one of the compartments had been welded. The objection was that Durning, who was State tax supervisor, was not armed with a search warrant. It is unnecessary to determine whether subdivision (c) of sec. 12, chap. 44, General Laws of the Regular Session of the 43rd Legislature, authorizes a search without warrant of trucks transporting oil. It is shown on page 12 of the statement of facts that Durning testified, without objection on the part of appellant, that he turned the truck over to Tully Scott. Tully Scott testified, without objection on the part of appellant, as shown on pages 16 and 17 of the statement of facts, that on August 6, 1934, he tested the capacity of oil tank K 99 belonging to appellant and found that compartment No. 1 contained 513 gallons of gasoline, No. 2, 205 gallons, No. 3, 206 gallons, and No. 4, 108 gallons. On page 22 of the statement of facts it is shown that W. W. Beck testified, without objection on the part of appellant, that the total number of gallons of gasoline found in tank K 99 on August 6, 1934, was 1106. It is manifest that proof of the capacity of the tank and the amount of gasoline that it contained on August 6, 1934, was testified to without objection on the part of appellant. It is well settled in this State that the erroneous admission of testimony is not cause for reversal if the same fact is proven by other testimony not objected to. Wagner v. State, 109 S. W., 169; Enix v. State, 16 S. W. (2d) 818; Burgess v. State, 225 S. W., 182.

Several bills of exception complain of the argument of the district attorney. In bill No. 4 it is stated that in his closing argument the district attorney used language as follows: "Gentlemen of the jury, they tell you not to send this man to the penitentiary but he did not tell you about stealing fifty gal-

lons of gasoline per day since May 25, 1934, hauling it into Dallas County, causing a gasoline war and he did not tell you about a bomb being thrown into his gasoline station in Dallas, Texas." The bill is qualified to the effect that the language set forth therein was not a correct statement of the remarks of the district attorney. It is shown in the qualification that the district attorney used language as follows: "Judge Street (appellant's counsel) asked you if you were going to send this man to the penitentiary for stealing fifty gallons of gasoline. I tell you men that if he did what he told C. H. Cole upon May 25, 1934, that he was going to do then he had been stealing more than fifty gallons of gasoline since May 25, 1934. They tell you he is an honest man struggling to make an honest living hauling gasoline by truck from Gregg County to Dallas to his filling station there. But they didn't tell you that beating the State out of its taxes and selling gasoline that no tax was paid on causes gasoline wars and causes bombs to be thrown into filling stations in Dallas County." The qualification states that the court instructed the jury not to consider said argument for any purpose. The court states further in the qualification that he considered the remarks of counsel for the State to be invited by the argument of appellant's counsel. In view of the prompt action of the court in withdrawing the remarks, we are unable to reach the conclusion that the bill of exception presents reversible error.

We deem it unnecessary to set out the arguments embraced in the other bills of exception. We think none of said bills, as qualified, presents reversible error.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—We have examined appellant's motion for rehearing. It urges again the same questions which were relied upon in original submission, and which were disposed of in our former opinion. A further elaboration of the matter would only result largely in repetition.

Believing proper disposition was made of the case originally, the motion for rehearing is overruled.

*Overruled.*