## C. C. SCOTT v. THE STATE.

No. 20043.   Delivered December 21, 1938.
Rehearing Denied February 8, 1939.

The opinion states the case.

*Baker & Baker*, of Coleman, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State

GRAVES, JUDGE.—Appellant was convicted by a jury for transporting gasoline under a false manifest, and fined $100.00.

It appears from the State's testimony that the appellant was operating a truck that was divided into compartments that were supposed to contain 978 gallons of gasoline. That appellant waited on himself at the refinery, and obtained a mani-

fest for 978 gallons of gasoline, and moved the same out upon the highway under such manifest. That two inspectors of the Comptroller's department had him under surveillance, and after he had traveled some distance away from said refinery they stopped him and asked him for his manifest, which showed 978 gallons. They then measured his compartments and found that he was transporting 1085 gallons of gasoline; hence the falsity of his manifest.

Appellant complains in his first bill of exceptions because the court allowed testimony relative to the appellant having obtained an additional manifest for the transportation of 107 gallons of gasoline. It will be borne in mind that appellant was charged with using a false manifest, that is, that he was transporting 1085 gallons of gasoline under a manifest showing the transportation of 978 gallons. After having been detected in such transportation, it seems to us that it was permissible to show that he had obtained a further manifest for the additional 107 gallons, which was the amount of gallonage that the 978 gallon manifest failed to show, and was the amount that made up its falsity.

Appellant's second proposition complains of the fact that the State was allowed to offer the copy of the original 978 gallon manifest because it was testified to that the word "cash" had been written thereon after such manifest was made out, and by some person not known to the one who originally made out such manifest. Such addition could not in any way have materially changed or altered the effect of such instrument, the main probative force thereof being to show that there was only 978 gallons of gasoline in said truck, according to such manifest, and we can see no error in allowing this instrument to be introduced.

Appellant's proposition No. 3 is based upon the fact that the court allowed the witness Streetman, he being the author of the first manifest, to testify that the appellant had paid $94.12 for the purchase price and tax on the 978 gallons of gasoline, as stated in the first manifest, because the same was a variance between the allegations and the proof. We do not think such an objection is tenable, and see no error therein.

Appellant's proposition No. 4 as well as No. 3 are practically the same as his proposition No. 2, and are ruled upon in the same manner.

Appellant's next two propositions both relate to the fact of the two State inspectors testifying to a conversation had with appellant after they had followed appellant from the refinery and finally overtook him and asked to see the manifest

under which he was thus transporting such gasoline, because appellant says that he was at such time under arrest, and he was given no warning as provided by statute. The trial court qualifies these bills, first, by saying that the statements testified to by such witnesses were res gestae of the offense, and further that the appellant was not under arrest at such time.

It is our opinion that the appellant was at the time he was accosted by the inspectors in the actual commission of the offense charged, that is knowingly transporting motor fuel under a false billing, and we think the statements complained of were res gestae of the offense. This ruling is also applicable to bills Nos. 6, 7 and 8.

Proposition No. 9, supported by bill of exception No. 9, complains of the remarks of the State's attorney as shown in the trial court's qualification: "These State witnesses (inspectors) were waiting for the defendant, and doubtless believed defendant was violating the law."

These remarks do not seem to be out of harmony with the testimony relative to such witnesses, and do not seem to be subject to any serious objection.

Bill of exceptions No. 10 is also relative to the remarks of the State's attorney to the effect that "Scott (appellant) testified that they agreed to get the second manifest for 100 gallons of gasoline. That was an admission of his own guilt from his own testimony." That appellant did so testify is borne out by the facts, and the conclusions thus drawn in the latter portion of such remarks impress us as proper argument therefrom.

We have considered all of appellant's remaining bills, and we do not think any error is reflected therein. The judgment will therefore be affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—After re-examining the record in the light of appellant's motion for rehearing, we are constrained to adhere to the conclusion expressed in the original opinion.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.