## HERMAN L. JENNINGS v. THE STATE.

No. 21202. Delivered November 6, 1940.
Rehearing Denied December 18, 1940.

The opinion states the case.

*Bert G. Ashby, Preston P. Mangum,* and *Andrew Priest,* all of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is an assault with intent to commit murder. The punishment assessed is confinement in the state penitentiary for a term of four years.

The record shows that appellant, who was a married man, had been for two years or more prior to the commission of the offense, keeping company with the assaulted party, who was a girl twenty years of age. It seems from the record that he forced his attention upon her; that she on several occasions sought to terminate his visits to her but he declined to heed her request to do so. She finally had her father to meet her when she quit work for the day and accompany her home. On the day in question the appellant, with a shotgun in his car, followed her and her father from where she was employed to her home. Being in his car, he reached a point on the street opposite her home before she and her father did, and when they came down the sidewalk, he got out of his car with the gun. She immediately ran down the alley beside her home, and when she reached the corner and started to turn to enter the back of her home he shot her. The father, who was present, immediately interceded in behalf of his daughter by striking appellant with something in a paper bag. Appellant then struck the father on the head with the shotgun, walked to his car and shot himself in the chest. Both the girl and appellant were taken to a hospital where they received medical treatment and both recovered.

Appellant testified that a few days before he made a date with the assaulted party and started going with her, he saw her at Ervay and Grand Streets in Dallas and recognized her

as the girl whom he had theretofore seen at the Presbyterian Orphan's Home; that thenceforth he associated with her, became infatuated with her, and they ate dinner together two or three times each week; and they would go to picture shows and go riding, etc. He testified that in December prior to the 25th of August, 1939, (the date of the commission of the alleged offense), his wife obtained a divorce from him; that he tried to see his victim and tell her that his wife had obtained a divorce but she would evade him and he could not get to talk to her; that on the day in question he saw her, in company with her father, leave the place where she was employed; that he saw them board a bus and he followed them until they disembarked from the conveyance and started to walk home, whereupon he drove to a point near their home and stopped on the opposite side of the street; that when they came along upon the sidewalk he got out of his car with the shotgun in his hand, not with the purpose of shooting her but to prevent her father from interfering with him in seeking to engage her in conversation; that when she saw him with the shotgun she ran; that he started in the same direction but when he got on the terrace he stepped on a rock or bone, which caused him to slip and the gun was accidentally discharged, striking her.

Appellant also proved a good reputation as a law-abiding citizen.

The foregoing are in substance the salient and material facts proved on the trial of the case.

By Bill of Exception No. 1, appellant contends that the District Attorney, in his closing argument to the jury, among other things, said: "Wilson, the girl's daddy, could have looked him up and killed him, and under the facts in this case, a jury in Dallas County would have acquitted him."

Appellant objected thereto on the ground that the same was prejudicial. The court sustained the objection and told the jury not to consider it for any purpose. The court qualified the bill and in his qualification states that the District Attorney used the following language: "Wilson, the girl's daddy, could have killed the defendant and under the facts in this case a jury would have acquitted him."

The bill, as qualified, was accepted by the appellant and he is bound thereby. There was testimony to the effect that when appellant fired the gun the father of the girl was present and interceded in her behalf. If he had killed the defendant, it would

have been in defense of his daughter. Such is the effect of the argument. We do not see how the argument could have been more prejudicial than the testimony which was a basis therefor.

The testimony complained of in Bill of Exception No. 2 was part of the res gestae and admissible on that theory.

Bill of Exception No. 3 reflects the following occurrence: While the assaulted party was testifying she was asked when she met the defendant, to which she replied, "About twelve years ago while an inmate of the Reynolds Presbyterian Orphanage." Appellant objected thereto on the ground that it was irrelevant, immaterial and too remote, and that it tended to prejudice the minds of the jury, etc. This bill is also qualified by the court, who states in his qualification that there was testimony from other sources that appellant met her the first time at the Presbyterian Orphanage, and this testimony went to the jury without objection. Appellant himself testified that when he met her on Ervay and Grand in the city of Dallas, he recognized her as the girl he saw in the orphans' home. When evidence is admitted without objection which is similar to that objected to, no reversible error is shown. In support of what we have said, we refer to the following authorities: Enix v. State, 112 Texas Cr. R. 376; McLaughlin v. State, 109 Texas Cr. R. 307; Sparkman v. State, 82 S. W. (2d) 972. Moreover, the bill is qualified and as qualified, fails to reflect any reversible error.

No reversible error having been discovered in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

The motion herein is mainly concerned with our ruling in the original opinion on appellant's bill of exceptions No. 1. We have again read the record relative to such bill and are of the opinion that same was properly disposed of in our original opinion. We see no reason to recede from any of the views expressed herein originally.

The motion is overruled.