# MARCH 5, 1941

J. M. BUSSELL V. THE STATE.

No. 21464. Delivered March 5, 1941.

The opinion states the case.

*E. T. Miller* and *Cleo G. Clayton, Jr.*, both of Amarillo, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for theft of cattle. The punishment assessed is confinement in the State penitentiary for a term of two years.

The first contention made by appellant is that the evidence is insufficient to justify and sustain his conviction. In order that this opinion may reflect the basis for our conclusion, we will briefly state the testimony adduced by the State.

Mrs. C. M. Brown, in the early part of the year 1940, owned approximately 200 head of cattle which were located on her farm in Deaf Smith County. About 160 of these cattle were white-faced steer and heifer yearlings, and they were being fed in a feed pen. Charley Brown, a son of Mrs. Brown, was feeding and taking care of the cattle. These cattle, with the exception of 46 head, had been purchased by Mrs. Brown and carried different brands. Some were branded a figure "7" with a round top, and some a figure "7" and also a swastika on the left thigh. The cattle broke out of the feed pen and strayed away. About February 14th, Charley Brown rounded them up and placed them back in the feed pen. He then counted them and found that nine of such cattle were missing.

On the 2nd day of February, 1940, W. R. Bussell, a brother of appellant, sold twelve head of one-year-old white-faced cattle through the auction ring at Lubbock. Eight of said twelve cattle were sold to a cattle company in Cedar Rapids, Iowa. Sometime later, the time being left in a state of uncertainty, Charley Brown went to Cedar Rapids, Iowa, and found five white-faced steer yearlings bearing the same brand as those which his mother had purchased and had on feed. On the night of May 12, 1940, appellant was arrested by several Texas Rangers and members of the New Mexico State Police, carried to the court house at Farwell, where, after being questioned by the officers for several hours he made a written confession in which he stated that on the night of February 1, 1940, he and his brother (W. R. Bussell) went to the feed pen of Mrs. Brown, cut out nine steer yearlings and drove them home, where he and his brother loaded them in a truck. His brother said he was going to take them to Lubbock and sell them. On or about the 6th of February, W. R. Bussell gave the appellant a check in the sum of $125.00 as his part of the proceeds of the sale of said cattle.

Appellant testified in his own behalf upon the trial. He repudiated his confession and claimed that he was threatened by the officers with physical violence and as a result of such he made the confession in question. He admitted, however, that he was not mistreated in any manner, but only threatened by the officers, which they emphatically denied. He testified that the check in the sum of $125.00 was given him by his brother for labor and services rendered.

Appellant contends that the State relied entirely upon his extra-judicial confession, which, under the law, is not sufficient to sustain a conviction. It is true, as claimed by appellant, that

one cannot be convicted on his extra-judicial confession alone, but where the facts and circumstances are proven which show that an offense was committed or which, taken in connection with the confession, established the corpus delicti, and the confession connects appellant with the commission of the offense, the evidence will ordinarily be deemed sufficient to sustain the conviction. See Black v. State, 137 Texas Cr. R. 173, and cases there cited.

In the present case, we have evidence that Mrs. Brown missed nine white-faced steer and heifer yearlings from her feed pen on or about the 14th day of February. Appellant's brother sold twelve head of cattle at Lubbock, eight of which were sold to some cattle company at Cedar Rapids, Iowa, Charley Brown went to Cedar Rapids and found five white-faced steer yearlings bearing the same brand and otherwise corresponding with the description of the cattle which Mrs. Brown missed and which he identified as belonging to his mother. This, when taken in connection with appellant's confession, is deemed sufficient to show the commission of the offense of theft and appellant's connection therewith. Appellant cites us to the case of Zepeda v. State, 139 S. W. (2d) 820, as sustaining his contention. An examination of the opinion in that case will disclose that we held the evidence failed to establish the corpus delicti and for that reason the judgment of conviction was reversed. The same is true in the case of Johnson v. State, 36 S. W. (2d) 748.

In the case of West v. State, 34 S. W. (2d) 253, the facts and circumstances proven established the corpus delicti. However, the facts and circumstances proven in that case are not as certain and conclusive as those proven in the instant case, which are supplemented by the confession of the appellant.

The case of Price v. State, 125 S. W. (2d) 574, cited by appellant is readily distinguishable from the instant case on the facts. In that case a Hereford bull yearling disappeared from Perry Taylor's pasture and was later seen in the pasture of Mr. Coffee with other cattle including a bull belonging to Coffee. Price, the accused, was seen in the Coffee pasture one afternoon apparently driving the bulls and when he observed other persons in the pasture he ran or walked away. There was no evidence which showed that the bull was taken out of the Taylor pasture and placed in the Coffee pasture by Price. If some other person had taken the bull out of the Taylor pasture and placed him in the Coffee pasture without some evidence showing Price's connection therewith, his conviction could

not stand and we so held. Had Price made a confession implicating himself with the original taking, a different question would have been presented.

Appellant cites some other cases which he claims support his contention, but, in our opinion, they are not more in point than those which we have discussed. However, it is our opinion that the evidence is sufficient upon which the jury could base their conclusion of appellant's guilt.

By Bill of Exception No. 1, appellant complains of the introduction in evidence of his written confession. His objection thereto was that a proper predicate had not been laid for its introduction and that it was highly prejudicial. No contention is made that it was improperly obtained. We find from the record that a proper predicate was laid for its introduction. Hence we overrule appellant's contention. See DeBeauford v. State, 95 Texas Cr. R. 398, 254 S. W. 572.

By Bill of Exception No. 2, appellant complains of the introduction in evidence of a certain check in the sum of $125.00, issued by W. R. Bussell on February 6 ,1940, and payable to appellant. We are of the opinion that this check became admissible in connection with his confession and was a circumstance sustaining and corroborating that part of the confession which related to the check mentioned and what it was issued to him for.

Bills of Exception Nos. 5 and 6 are deemed to be without merit and are overruled without discussion.

It is made to appear from Bill of Exception No. 7 that while the State was cross-examining appellant, he was asked the following question:

"Now, at the time you were picked up over here at the dance hall at Friona, you were drinking some that night, were you not?"

Appellant objected thereto on various grounds which we do not deem it necessary to state here. The record is silent as to whether the question was answered or what action was taken by the court. It might be that the court immediately instructed the jury not to consider the question for any purpose. However, there was testimony from the officers to the effect that appellant was drunk on the night in question; that they prepared coffee and gave him three cups of coffee for the purpose of

sobering him up. This testimony was not objected to. The general rule is that when evidence is admitted without objection which is similar to or of like character as that objected to, no reversible error is shown. See Sparkman v. State, 82 S. W. (2d) 972; Enix v. State, 112 Texas Cr. R. 376.

Bill of Exception No. 8 reflects the following occurrence: After Pat Taliaferro was called by the State as a witness in rebuttal, he was asked if he made the following statement to appellant at the time he made the confession:

"How would you like for us to throw your father in?"
To which the witness replied:
"Not to *that* exact words; it *was* discussed. 'We had found some more cattle'."

Appellant objected to the last sentence, "We had found some more cattle," on the ground that it was prejudicial to the rights of the defendant. The court sustained the objection and instructed the jury not to consider the same as any evidence in the case. There is nothing in the question or answer which suggests that appellant had anything to do with the other cattle. The question and answer, by inference, might implicate the father, but not the appellant, and since the court immediately instructed the jury not to consider it as any evidence in the case, we fail to see any reversible error reflected by the bill.

Bill of Exception No. 9 is overruled without discussion.

No error having been presented requiring a reversal of the conviction, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.