### R. D. DAVIS v. THE STATE.

No. 21984. Delivered March 25, 1942.
Rehearing Denied April 29, 1942.

The opinion states the case.

*Harvey P. Shead,* of Longview, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for transporting motor fuel without a manifest. The punishment assessed is confinement in the county jail for a period of three months and a fine of $300.00.

Appellant was indicted by the Grand Jury of Travis County for having unlawfully and knowingly transported motor fuel and gasoline on which a tax was required to be paid without possessing a manifest. The offense was alleged to have been committed in Gregg County, but under the statute, venue was laid in Travis County, where he was tried with the result as above stated.

Appellant brings forward three bills of exception each of which, he contends, reflects reversible error. By the first bill, he complains of the action of the trial court in permitting T. W. Ely, Jr., an employee of the State Comptroller's Depart-

ment, to testify that the defendant, R. D. Davis, told him that he (Davis) had gasoline in his truck. He objected to this testimony on the ground that he was under arrest at the time; that he was not warned as required by law, nor was his statement reduced to writing, etc. We are of the opinion that the statement was a part of the res gestae of the offense inasmuch as appellant at the time was in the actual commission of the offense of unlawfully transporting gasoline without a manifest. A similar question was before this court in the case of Scott v. State, 124 S. W. (2d) 139, and was decided adversely to appellant. Moreover, it appears from the record that J. E. White, who was with the witness Ely at the time, testified without objection on the part of appellant, that he (appellant) told them that he had gasoline but had no manifest. It is a well-settled rule in this State that whenever testimony is admitted without objection which is similar to or of like character as that objected to, no reversible error is shown. See Sparkman v. State, 82 S. W. (2d) 972; Enix v. State, 112 Tex. Cr. P. 376; Rogers v. State, 80 S. W. (2d) 967; McLaughlin v. State, 109 Tex. Cr. R. 307, and authorities there cited.

By Bill of Exception No. 2, appellant complains of the action of the court in permitting the witness Ely to testify that he told appellant that he was going to impound the truck and that he (appellant) would have to go to Longview with him to see Mr. Marrs, the District Superintendent of the State Comptroller's Department. What we have said in disposing of Bill of Exception No. 1 also disposes of the question here presented, because there was testimony from other sources to the same effect which was not objected to.

By his last bill of exception, appellant complains of the action of the trial court in permitting Tully Scott, to testify that he analyzed some of the contents of the drums which were on appellant's truck and that the analysis showed that same contained gasoline. The objection urged thereto was that the witness was not a chemist and was not qualified to so testify. We quote from the witness' testimony as follows:

"I was given instruction by the State Chemist for the Motor Fuel Tax Division * * * in procedure and requirements for testing fuels. By actual practice, I have tested them with the instruments required to make these tests and * * * I have been constantly doing that since May, 1933, * * * a thousand or so each year."

It occurs to us that by training, experience and learning for a period of eight years in the technique of determining whether or not a certain liquid is gasoline is sufficient to show his qualification on the subject and to give testimony relative thereto. See Crow v. State, 33 Tex. Cr. R. 264; Bell v. State, 99 Tex. Cr. R. 61. It seems to us that it does not take a great many years' experience in handling gasoline to be able to detect it. The odor and combustibility thereof is a very fair test by which it may be determined without the necessity of a chemical analysis. It is about as easy to determine whether a liquid is gasoline as it is to determine whether it is whisky.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant's motion for rehearing consists of a repeated discussion of the three bills of exception treated fully in the original opinion. It is contended that the opinion was in error in concluding that the statements were made by the appellant to the officers during the very time the offense was being committed and that the facts show that he was not being prosecuted for hauling the gasoline which he then had in his tank.

A further examination of the record indicates a rather confused or indefinite statement of facts on this point. Nevertheless, for the further grounds stated in the opinion that it was like testimony to that which had been admitted without objection, we think that a correct conclusion was reached in discussing each bill and that the case was properly affirmed.

The motion for rehearing is overruled.