WILLIAM PERKINS *alias* BUDDY RED V. STATE.

No. 24101.  June 16, 1948.
Rehearing Denied October 13, 1948.

Hon. Owen M. Lord, Judge Presiding.

*W. J. Baldwin,* of Beaumont, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is an assault with intent to murder. The punishment assessed is confinement in the state penitentiary for a term of five years.

The record shows that on the afternoon of November 23, 1947, appellant came to the home of Archie Meyers and inquired for the woman who lived with Archie. When asked by Archie what he wanted with her he replied, "It is none of your damn

business", or words to that effect. He was requested to leave and did leave by going next door to which place Archie followed him. They were told by the neighbor to leave; that he did not want any trouble at his home. Archie returned to his own home while appellant went elsewhere, obtained a pistol, and came back to Archie's home and began to shoot at Archie through a door and a window. He shot Archie through the leg, and one of the bullets passed through Archie's hat. The police were called but appellant departed before they arrived. He later appeared at the police station and surrendered. We deem the foregoing facts proven by the state sufficient to sustain his conviction.

Appellant testified that he went to Archie's house to see if he could sell them some rabbits, chickens, or vegetables; that Archie became angry when he called Archie's mistress "Baby Girl"; that Archie pursued him with an ice pick while he was running to his truck where he obtained a pistol and then Archie ran into his house, and that is when he shot him. Appellant filed a plea for a suspension of sentence in the event of his conviction. However, the jury declined to recommend a suspension of sentence. The court instructed the jury as to the law on every phase of the case and no objections were made thereto.

By Bill of Exception No. 1 he complains of the action of the trial court in permitting the state, on cross examination of Cephus Lyons, a character witness for appellant, to elicit from him the following testimony: "I have known him (meaning defendant) to be arrested for gambling, I wouldn't know how many times." He objected thereto on the ground that it did not involve mortal turpitude; that being picked up by the police department was an illegal attack of his general reputation as a peaceful and law abiding citizen, etc. The court qualified this bill and in his qualification refers this court to the cross examination of said witness by the state as the same appears on page 42 of the statement of facts which shows that the witness said, "I never heard of this boy being picked up by the police department for anything. I have known him to be arrested for gambling. He could be a peaceful, law abiding citizen and gamble too." Appellant testified among other things that he had been arrested. This was, in effect, equal to the testimony complained of. The rule seems to be that when testimony is admitted without objection, which is of like character to that objected to, no reversible error is shown. See Sparkman v. State, 128 Tex. Cr. R. 627 (82 S. W. (2d) 972); Enix v. State, 112 Tex. Cr. R. 376 (16 S. W. (2d) 818); Bussell v. State, 141

Tex. Cr. R. 268 (148 S. W. (2d) 413) ; and Davis v. State, 144 Tex. Cr. R. 122 (161 S. W. (2d) 78).

It is obvious from the court's qualification of the bill that the state, on cross examination, did not inquire of the witness whether or not he knew of certain acts of misconduct on the part of appellant, but whether or not he had heard of appellant having been picked up by the police department. This was permissible. The fact that the witness went further and voluntarily stated that he knew that he had been arrested for gambling was not responsive to questions. Appellant should have requested the court to instruct the jury to disregard the testimony of the witness to the effect that he knew appellant had been arrested for gambling. This, he did not do. See King v. State, 95 Tex. Cr. R. 93 (253 S. W. 262) ; and Spann v. State, 116 Tex. Cr. R. 268 (32) S. W. (2d) 455). The bill, as qualified by the court, fails to reflect any reversible error.

From what we have said, it follows that the judgment of the trial court should be affirmed, and it is so ordered.

Opinion approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

In our original opinion, in discussing bill of exception No. 1, we referred to the witness whose evidence was objected to as Cephus Lyons and as being a character witness for appellant. In the motion for rehearing it is called to our attention that *Cephus Lyons* was not a character witness for appellant. However, Columbus Lyons was such character witness, and the bill of exception under consideration complained of his evidence. We inadvertently confused the names and called him Cephus instead of Columbus. Otherwise the discussion of the matter complained of is supported by the record, and the conclusion reached appears proper.

In examining the statement of facts we observe that Mr. Yarbrough and Mr. Wingate, city detectives, testified without objection that appellant's general reputation was not good as a law-abiding citizen, (such reputation having been put in issue by appellant). It was elicited from Mr. Wingate on cross-examination by appellant's counsel that witness had never had appellant arrested for burglary or robbery but had had him for theft. Then on redirect examination by the State, without objec-

tion, it was shown that appellant had been arrested many times for different types of offenses, one time for assault with intent to murder, which was reduced to aggravated assault.

No reversible error appears from bill of exception No. 1 under the record here present.

The motion for rehearing is overruled.