**Jack Harry SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–87–281–CR.**

Court of Appeals of Texas, Houston (14th District.).

May 19, 1988.

Steve Hebert, Baytown, for appellant.

John B. Holmes, Jr., Kathlyn Giannaula, Houston, for appellee.

Before PAUL PRESSLER, DRAUGHN and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

Appellant was tried and convicted by a jury on April 7, 1959 of robbery by assault. The jury found the enhancement paragraph true and assessed punishment at confinement in the Texas Department of Corrections for life. Appellant's conviction was

subsequently affirmed. *Smith v. State,* 168 Tex.Crim. 543, 330 S.W.2d 196 (1959). Following application for post conviction relief, the Court of Criminal Appeals granted an out-of-time appeal on the ground that he had been denied the right to counsel on appeal. We affirm.

■ In point of error one, appellant contends that he is entitled to a new trial because he was not provided a complete statement of facts or transcript for this appeal. Specifically, he complains of the absence in the record of responses from the court to two notes by the jury during deliberations. The first was a request to review the direct and cross examination testimony of Paul Jones. The second note informed the court that the jury was "hopelessly dead locked" and that it did not appear that a verdict could be reached.

Appellant requested all jury notes sent by the jury to the trial court and "the response by the Court to said jury notes" be included in that record. The lower court held a hearing on appellant's complaint of the record's being incomplete and found that appellant had not established the existence of a note by the judge in response to the jury's communication.

At the time of appellant's trial, former Articles 678 and 682 (now Tex. Code Crim. Proc. arts. 36.28, 36.31) applied. Article 678 provided:

> "If the jury disagree as to the statement of any witness, they may, upon applying to the court, have such witness recalled, and the judge shall direct him to repeat his testimony as to the point in dispute, and no other, and as nearly as he can in the language he used on the trial."

Here, the jury's request for testimony did not require a written response. Even assuming that the lower court did orally communicate with the jury, such was not an additional instruction. *See, e.g., Allaben v. State,* 418 S.W.2d 517 (Tex.Crim.App.1967); *Phillips v. State,* 654 S.W.2d 846 (Tex.App. —Dallas 1983, no pet.). Former Article 682 provided:

> "After the cause is submitted to the jury, they may be discharged when they cannot agree and both parties consent to

their discharge; or the court may in its discretion discharge them where they have been kept together for such time as to render it altogether improbable that they can agree."

It does not mandate either an oral or written response. Under current law, Tex. Code Crim.Proc.Ann. art. 36.27, communications between the court and jury must be in writing unlike the predecessor statute. *Allaben,* 418 S.W.2d at 520. Communications between the court and jury which do not amount to additional instructions do not constitute reversible error. *Id.* at 520. Appellant's assertions have no foundation in the record. Where the record is silent, there is a presumption that the trial court has complied with procedural rules. *Lipscomb v. State,* 467 S.W.2d 417 (Tex.Crim. App.1971); *McClellan v. State,* 118 Tex. Crim. 473, 40 S.W.2d 87 (1931). There is nothing before this court to show that appellant or his counsel was precluded from excepting to the action of the trial court. Point of error one is overruled.

In point of error two, appellant alleges that the trial court erred in allowing into evidence the fact that appellant's first cousin had also been indicted for the same offense. Appellant argues that an indictment is no evidence of guilt and it is not permissible to prove that a co-actor was convicted or acquitted in another trial. Appellant bases his argument upon the following:

Q. And Ernest was also charged in this particular case?

Mr. Maynard: If your Honor, please, I object to his going into that.

The Court: He is not going any further.

Mr. Maynard: He is not on trial.

Mr. Ernst: I am just asking if he was charged.

The Court: That question and answer, but nothing else.

Q. Was Ernest Dover charged with Jack Smith in this particular case?

Mr. Maynard: I object. He is not under indictment in this case.

Mr. Ernst: That is not true. What he is saying.

Mr. Maynard: He is not under indictment in this case.

The Court: I have ruled on it. She can answer that particular question and nothing else. No details about it. Go ahead.

Q. Now, isn't Ernest L. Dover indicted along with Jack Harry Smith, your grandson?

Mr. Maynard: I object again. The indictment speaks for itself.

The Court: How many times does the Court have to rule?

Mr. Maynard: He is asking this witness if Dover was indicted with Jack Harry Smith under this indictment?

The Court: This indictment speaks for itself.

Mr. Maynard: Why sure.

Q. Do you know whether or not Ernest L. Dover was indicted as well as your grandson, Jack Harry Smith, for robbing Paul Jones?

A. Well, I know they said he was.

Q. Ernest isn't here today, is he?

A. I don't see him.

Mr. Maynard: I object again.

The Court: It is sustained.

Mr. Maynard: And I ask the Court to instruct the jury to disregard it.

The Court: The jury won't consider that question and answer. Strike that out.

■ Appellant and Dover were not jointly charged in the same indictment. It appears that appellant's counsel, Mr. Maynard, was objecting to the prosecutor's questions as to whether appellant and Dover were charged under the same indictment. When the prosecutor finally asked if Dover was indicted *as well as* appellant, no further objection was raised. A general objection presents no error for review, *Barnard v. State*, 730 S.W.2d 703 (Tex.Crim. App.1987); *Nowlin v. State*, 507 S.W.2d 534 (Tex.Crim.App.1974); *Russell v. State*, 468 S.W.2d 373 (Tex.Crim.App.1971); *Vaughn v. State*, 136 Tex.Crim. 455, 125 S.W.2d 568 (1939). Likewise, an objection

that does not conform to the claim of error on appeal does not preserve error. *Sharp v. State*, 707 S.W.2d 611 (Tex.Crim.App. 1986); *Foreman v. State*, 505 S.W.2d 564 (Tex.Crim.App.) *cert. denied*, 419 U.S. 851, 95 S.Ct. 91, 42 L.Ed.2d 81 (1974); *Rice v. State*, 163 Tex.Crim. 367, 292 S.W.2d 114 (1956). Nevertheless in the intent of fairness, the merits of appellant's complaint will be examined.

Appellant complains that the prosecutor's questions were intended to inflame and prejudice the jury by inferring that appellant acted in concert with Dover and, since he was not present in the courtroom, he had been sent to prison.

Appellant cites *Tucker v. State*, 461 S.W. 2d 630 (Tex.Crim.App.1970). The holding in *Tucker* did not prohibit evidence where a co-actor has merely been indicted. Further, evidence of a conspiracy is admissible even though conspiracy is not charged in the indictment. *Roy v. State*, 608 S.W.2d 645 (Tex.Crim.App.1980); *Phelps v. State*, 462 S.W.2d 310 (Tex.Crim.App.1970); *Saddler v. State*, 167 Tex.Crim. 309, 320 S.W.2d 146 (1959).

Therefore, it cannot be said that the prosecutor's conduct was improper nor is it shown that harm was caused. The evidence referred to the indictment of someone other than appellant, there was no other evidence connecting Dover to the charged robbery, nor was evidence of the disposition of charges against Dover tendered into evidence. *Cf. Black v. State*, 723 S.W.2d 674, 675 (Tex.Crim.App.1986); *see* and *compare*, *Fernandez v. State*, 172 Tex.Crim. 68, 353 S.W.2d 434, 437 (1962). Point of error two is overruled.

In appellant's third point of error, appellant contends that his life sentence, imposed pursuant to Articles 62 and 1408 of the former penal code, is unconstitutional as cruel and unusual punishment in violation of Article 1, Section 13, of the Texas Constitution and the Eighth Amendment of the United States Constitution. He further argues that it interferes with his right to trial by jury in violation of the Texas and United States Constitutions. These contentions have been previously raised and re-

jected by the highest state and federal courts. *Cherry v. State*, 447 S.W.2d 154 (Tex.Crim.App.1969); *Spencer v. Texas*, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967) (not cruel and unusual punishment); *Johnson v. State*, 436 S.W.2d 906 (Tex. Crim.App.1968); *Bullard v. State*, 548 S.W.2d 13 (Tex.Crim.App.1977); *Parrish v. Beto*, 414 F.2d 770 (5th Cir.1969), *cert. denied*, 396 U.S. 1026, 90 S.Ct. 606, 24 L.Ed. 2d 522 (1970). Point of error three is overruled.

■ By point of error four, appellant argues that he was denied due process of law by being convicted under a recidivist statute which allowed the jury to consider proof of his conviction of a prior like crime before determination of his guilt or innocence. According to the procedure then employed, the entire indictment was read to the jury before trial, and proof of a prior conviction was introduced during the guilt-innocence phase of the trial. Appellant contends that it was highly prejudicial to introduce the prior conviction when there was disputed testimony in the instant trial.

There is no doubt that presenting the accused's prior offenses to the jury does have a potential for prejudice.[1] Such evidence is usually excluded except when it is probative to show such matter as intent, *Nye & Nissen v. United States*, 336 U.S. 613, 69 S.Ct. 766, 93 L.Ed. 919 (1949), *Ellisor v. State*, 162 Tex.Crim. 117, 282 S.W.2d 393 (1955); an element in the crime, *Doyle v. State*, 59 Tex.Crim. 39, 126 S.W. 1131 (1910); identity, *Chavira v. State*, 167 Tex. Crim. 197, 319 S.W.2d 115 (1958); malice, *Moss v. State*, 364 S.W.2d 389 (Tex.Crim. App.1963); motive, *Moses v. State*, 168 Tex. Crim. 409, 328 S.W.2d 885 (1959) *cert. denied*, 362 U.S. 966, 80 S.Ct. 882, 4 L.Ed.2d 879 (1960); a system of criminal activity, *Haley v. State*, 87 Tex.Crim. 519, 223 S.W. 202 (1920); when the defendant has raised

the issue of his character, *Michelson v. United States*, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948), *Perkins v. State*, 152 Tex.Crim. 321, 213 S.W.2d 681 (1948); or when the defendant has testified and the state seeks to impeach his credibility, *Giacone v. State*, 124 Tex.Crim. 141, 62 S.W.2d 986 (1933). *See Spencer v. Texas, infra,* 385 U.S.˙ at 560, 87 S.Ct. at 651.

Appellant does not challenge the probative value of the evidence of the prior offense, nor did he object to its submission. *See generally, Frausto v. State*, 642 S.W. 2d 506, 507 (Tex.Crim.App.1982); *Heredia v. State*, 508 S.W.2d 629, 630 (Tex.Crim. App.1974); *Cox v. State*, 422 S.W.2d 929, 930 (Tex.Crim.App.1968). In fact, appellant stipulated that he was the same person who committed the prior offense before its introduction into evidence. *Thompson v. State*, 170 Tex.Crim. 258, 339 S.W.2d 209 (1960); *but see, Pitcock v. State*, 367 S.W. 2d 864 (Tex.Crim.App.1963). Therefore, the only prejudice that could have resulted would be if the state had argued that the prior convictions were evidence of guilt. *Sanchez v. State*, 591 S.W.2d 500 (Tex. Crim.App.1979). Here there was no such argument. The possibility of prejudice is therefore outweighed by enforcing the habitual offender statute. The defendant's interests were protected by the instructions as to how to consider the evidence. Here the jury was instructed as follows:

"Evidence of previous conviction must not be considered by the jury in deciding the guilt or innocence of the defendant of the offense for which he is being tried."

The procedure here has previously passed constitutional scrutiny. *Spencer v. Texas,* 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967); subsequently affirmed in *Marshall v. Lonberger*, 459 U.S. 422, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983).

---

1. The legislature has since enacted Tex.Code Crim.Proc.Ann. art. 36.01: Effective January 1, 1966, the jury is no longer given the recidivist issue until it has first found the accused guilty under the principle charge. Tex.Code Crim. Proc.Ann. art. 36.01(a)(1) (Vernon 1981). Because this case was tried under the older procedure, the new statute, except as to appellate procedure, is not applicable. *Spencer v. Texas,*

385 U.S. at 556 n. 2, 87 S.Ct. at 650 n. 2; *Hardeman v. State*, 552 S.W.2d 433, 438 (Tex. Crim.App.1977); *De La Rosa v. State*, 414 S.W. 2d 668, 669 (Tex.Crim.App.1967); *Ex parte Williams*, 414 S.W.2d 472, 474 (Tex.Crim.App. 1967); *Carter v. State*, 408 S.W.2d 507, 509 (Tex. Crim.App.1966); *see also, Oler v. State*, 378 S.W. 2d 857, 858 (Tex.Crim.App.1964).

Appellant testified on his own behalf and admitted on cross examination that he had committed four prior felonies, including the prior robbery conviction at issue. Inadmissible evidence becomes harmless if other evidence is admitted without objection which proves the same fact. *Kerns v. State*, 550 S.W.2d 91 (Tex.Crim.App.1977); *Allen v. State*, 163 Tex.Crim. 455, 293 S.W.2d 605 (1956); *Bussell v. State*, 141 Tex.Crim. 268, 148 S.W.2d 413 (1941). Point of error four is overruled.

In point of error five, appellant argues that he was denied effective assistance of counsel because his appointed trial counsel:

(1) failed to investigate the facts of the case and prepare witnesses to testify,

(2) failed to "keep out" evidence referring to Ernest Dover,

(3) failed to properly cross examine the victim, Paul Jones, which tended to "bolster" appellant's identification, and

(4) failed to take adequate steps to ensure preservation of a complete record (voir dire and closing arguments) for appeal.

The proper standard for evaluating the effectiveness of trial counsel is reasonable performance under prevailing professional norms. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hernandez v. State*, 726 S.W.2d 53 (Tex.Crim.App.1986). In *Strickland*, the Supreme Court established a two-prong test for deciding ineffective assistance claims: a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *Hernandez*, 726 S.W.2d at 57. A reviewing court need not consider both components of the two-prong test if it concludes that the defendant makes an insufficient showing on one. The defendant, moreover, may not simply allege but must "affirmatively prove" prejudice. *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067. He must show that, "but for counsel's unprofessional errors, the result would have been different". *Strickland*, 446 U.S. at 694, 104 S.Ct. at 2068. In determining the merits of an alleged Sixth Amendment violation, courts "must be highly deferential" to counsel's conduct. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. Therefore, in evaluating the first prong of the test, counsel's competence is presumed. The defendant must rebut this presumption by proving that his attorney's representation was unreasonable under prevailing professional norms, and that the challenged action was not sound trial strategy. *Kimmelman v. Morrison*, 477 U.S. 365, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986). Additionally, a reviewing court should assess counsel's overall performance throughout the case in order to determine whether identified acts or omissions overcome the presumption that counsel provided reasonable professional assistance. *Kimmelman*, 106 S.Ct. at 2589; *accord, Butler v. State*, 716 S.W.2d 48 (Tex.Crim.App.1986) (standard is judged by 'totality of representation' rather than isolated acts or omissions).

During cross-examination appellant testified that on the night of the offense he had watched certain movies at a Drive–In. The state presented rebuttal testimony by the theatre manager that on the night of the offense other movies were showing.

■ Appellant argues that trial counsel was ineffective for placing "wholesale reliance" on his veracity as to what movie was showing and failing to investigate those facts. It is uncertain whether appellant intentionally or mistakenly failed to state the name of the movie he had seen. Placing a duty on trial counsel to scrutinize the details of appellant's alibi raises serious ethical questions. If counsel knew appellant's statement to be false, he is precluded from violating the law himself. *Nix v. Whiteside*, 475 U.S. 157, 106 S.Ct. 988, 89 L.Ed.2d 123 (1986). When a defendant falsely tells his counsel a certain fact, he may not claim that his own lies caused him to suffer ineffective assistance of counsel. *Accord, Ex parte Ewing*, 570 S.W.2d 941 (Tex.Crim.App.1978).

■ Assuming that counsel failed his obligation to correct appellant's mistaken recollection, appellant has still failed to show prejudice.

Appellant's confirmed presence at the movie was not the critical element to his alibi defense. The robbery occurred at 3:00

a.m. All of appellant's alibi witnesses testified that appellant left the movies at 11:30 p.m., returned home and stayed there.

■ Appellant next contends that his counsel was ineffective because he did not "keep out" references to Ernest Dover. An isolated failure to object to certain procedural mistakes or improper evidence does not show ineffective assistance. *Farrar v. State,* 701 S.W.2d 32 (Tex.App.—Houston [14th Dist.] 1985 pet. ref'd). In view of the total representation by counsel, this omission did not constitute ineffective assistance.

Appellant also argues that his counsel's questions to the victim tended to bolster his testimony or harass the witness to appellant's detriment. No evidence or proof is given to support this contention and nothing is present for review. *Mercado v. State,* 615 S.W.2d 225 (Tex.Crim.App.1981).

■ Appellant finally contends that trial counsel was ineffective by failing to request the recordation of voir dire and jury arguments. No specific harm is alleged other than counsel's failure to preserve possible error. Without showing harm, the failure to request recordation of voir dire or closing arguments is not *per se* ineffective assistance of counsel. *Gonzales v. State,* 732 S.W.2d 67 (Tex.App.—Houston [1st Dist.] 1987 no pet.); *Henderson v. State,* 704 S.W.2d 536 (Tex.App.—Houston [14th Dist.] 1986 pet. ref'd) (failure to record voir dire not *per se* ineffective representation without showing of harm), *cf.,* *McClendon v. State,* 643 S.W.2d 936 (Tex. Crim.App.1982); *McQueen v. State,* 702 S.W.2d 302 (Tex.App.—Houston [1st Dist.] 1985, no pet.). Appellant has not demonstrated that he was prejudiced to the extent that there was a reasonable probability of a different result. None of the alleged omissions or commissions, collectively or individually, rise to the level of ineffective representation. Point of error five is overruled.

The judgment is affirmed.