Carlos GONZALES, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–87–00004–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 28, 1987.

Wayne T. Hill, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Cathleen C. Herasimchuk, Cheryl Barber, Harris County Asst. Dist. Atty., Houston, for appellee.

Before JACK SMITH, SAM BASS and DUNN, JJ.

OPINION

JACK SMITH, Justice.

A jury found the appellant guilty of possession of a controlled substance, and the court assessed punishment at six years confinement, probated, and a fine of $600.

Two Harris County deputy sheriffs went to the appellant's workplace to serve an arrest warrant on the appellant for assault. The officers arrested appellant, and refused his request to go to the bathroom or to change clothes. As a result of a pat down, the officer found a small vial of cocaine in appellant's pocket.

Appellant's sole point of error is that he was denied effective assistance of counsel because of his attorney's: (1) failure to request the court reporter to record the voir dire examination; (2) & (5) failure to object to inadmissible hearsay testimony regarding the contents of the arrest warrant, and results of a field test; (3) failure to object to the introduction of an extraneous offense; (4) failure to object to evidence of appellant's post-arrest silence; (6) failure to object to the arresting officer's nonresponsive statements; (7) inability to establish the proper predicate for the introduction of two defense photographs; (8) failure to make a motion for instructed verdict at the close of the State's case; (9) failure to object to improper jury argument; and (10) failure to make a motion for mistrial.

*Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), enunciated a two-prong test to analyze claims of ineffective assistance of counsel. First, the defendant must show that counsel's performance was so deficient that he was not functioning as acceptable counsel under the sixth amendment. *Id.* at 690, 104 S.Ct. at 2066. The standard in Texas is

reasonably effective assistance of counsel. *Ex parte Bratchett*, 513 S.W.2d 851, 852–853 (Tex.Crim.App.1974). The second prong in *Strickland* requires that the defendant show prejudice; that is, that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *See Ingham v. State*, 679 S.W.2d 503, 508–509 (Tex.Crim.App.1984). In determining whether counsel was ineffective, the reviewing court must examine the totality of representation. *Ex parte Carillo*, 687 S.W.2d 320, 324 (Tex.Crim.App.1985).

■ Initially, appellant complains that his trial counsel failed to request that a record be made of voir dire. He alleges no specific harm other than "failure to preserve any possible error." It appears that he is requesting this Court to hold, as a matter of law, that failure to request the recordation of voir dire in the selection of the jury is ineffective assistance of counsel. He cites no cases, nor have we located any, that support the appellant's contention. We refuse to hold that failure to request recordation of voir dire is *per se* ineffective assistance of counsel requiring reversal because harm has not been shown, and an appellate court cannot speculate as to what may or may not have transpired at trial. *See McQueen v. State*, 702 S.W.2d 302, 303 (Tex.App.—Houston [1st Dist.] 1985, no pet.).

■ Appellant also complains of trial counsel's failure to object to a nonresponsive hearsay statement concerning an extraneous offense. The record reflects that appellant's trial counsel did not object to a witness' unresponsive answer to his question. As a result, the contents of an arrest warrant regarding an extraneous offense were revealed. While appellant's complaint may show error, the uncontradicted evidence shows that the vial of cocaine was found on the appellant, and there is no reasonable probability that the mere failure to object to an unresponsive answer would have caused a different result.

Thus, appellant fails to satisfy the second prong of *Strickland*.

As to appellant's claim that trial counsel should have objected to the testimony regarding his post-arrest silence, in light of appellant's own assertion that he did not remain silent, and that he denied having any knowledge of the cocaine, no prejudice is shown.

Appellant also complains that his attorney was ineffective for failing to object to the arresting officer's hearsay testimony that the white powdery substance was field tested. Since the State's chemist also testified that the substance was lab tested and found to be cocaine, there is no showing of prejudice.

Appellant next claims that trial counsel's inability to establish the proper predicate to introduce two photographs of appellant's work place was ineffective assistance of counsel. The trial court sustained the State's objection to the two photographs because the police officer could not state that the photographs actually depicted the location as it looked on August 12, 1985, and not because trial counsel did not know how to lay the proper predicate. The failure to introduce the two photographs was not a result of trial counsel's incompetence, and unprofessional error is not shown.

The eighth complaint is trial counsel's failure to move for an instructed verdict at the close of the State's case. Appellant claims that the trial court invited trial counsel to make a motion for instructed verdict; however, the record reveals that the trial court merely asked the attorney if he wished to make any motions before presenting appellant's case. Appellant neglects to set forth any valid basis for such motion, and the record does not reflect that such a motion would have had merit.

Appellant also argues that his trial counsel's failure to object to improper jury argument was ineffective assistance of counsel. He alleges that the prosecutor's comment that she really expected the appellant to come up with a better defense of how he came into possession of the cocaine, consti-

tuted a comment on the evidence. Appellant also complains of the prosecutor's statement that, "[r]ight now our country is having a war on drugs and this is your opportunity to participate in that because the defendant was in possession of a controlled substance and he has violated the law." Appellant fails to show prejudice as a result of trial counsel's failure to object to the State's jury argument. Further, the prosecutor's argument that there is a war on drugs was a proper plea for law enforcement. *Denison v. State*, 651 S.W.2d 754, 763 (Tex.Crim.App.1983).

In his final contention, appellant claims that trial counsel was ineffective because he did not request a mistrial when the jury was split 11–1 and did not return a verdict for six hours. The granting or denial of a motion for mistrial is within the trial court's discretion. *Perry v. State*, 669 S.W.2d 794, 797 (Tex.App.—Houston [1st. Dist.] 1984), *rev'd on other grounds*, 703 S.W.2d 668 (Tex.Crim.App.1986). There is nothing in the record to indicate that the trial court would have granted a mistrial had it been requested. Without such a showing, no prejudice has been demonstrated.

None of the omissions or commissions, collectively or individually, of appellant's trial counsel rise to the level of ineffective representation. Appellant has not demonstrated that he was prejudiced to the extent that there was a reasonable probability of a different result.

Appellant's point of error is overruled, and the trial court's judgment is affirmed.