COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

NOS.  2-08-119-CR

 2-08-120-CR

 

 

DANIEL ELI
ARANDA A/K/A                                                  APPELLANT



DANIEL
ARANDA                                                                                 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 213TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Introduction








Appellant Daniel Eli Aranda a/k/a Daniel Aranda
appeals his two convictions for aggravated robbery.  See Tex. Penal Code Ann. ' 29.03
(Vernon 2003).[2]  In one point, appellant contends that his
trial counsel was per se ineffective by failing to request a reporter=s
record.  We affirm.

Background Facts

In 2002, a Tarrant County grand jury issued two
indictments against appellant; each indictment charged him with attempted
capital murder and aggravated robbery. 
The indictments alleged that in February 2002, appellant shot two
individuals with a gun while committing robbery.








In February 2003, after the State waived the
attempted capital murder charges and the trial court properly gave written
admonishments,[3]
appellant entered judicial confessions, 
waived his constitutional and statutory rights, and pled guilty to the
two aggravated robbery charges.  The
trial court deferred adjudication of appellant=s guilt
and placed him on community supervision for seven years.  Among the terms of his community supervision,
the trial court required appellant to commit no further offenses, avoid illegal
use of controlled substances (and submit to testing and out-patient treatment
related to such substances), and report monthly to the Tarrant County community
supervision office.[4]

In June 2005, the State filed petitions to
proceed to the adjudication of appellant=s
aggravated robbery charges, alleging that appellant had violated the terms of
his community supervision by using cocaine,[5]
failing to complete out-patient treatment, and failing to report.  In November 2005, while aided by his trial
attorney, Jeremy Baker, appellant pled true to the allegations in the State=s
petitions.[6]  The trial court determined that the State=s
allegations were true, found appellant guilty of the aggravated robberies, and
sentenced him to ten years=
confinement.








Appellant initially neglected to file a notice of
appeal; however, in November 2006, appellant filed an application for a writ of
habeas corpus in the trial court, contending that Baker provided him with
ineffective assistance during his adjudication proceeding.  Specifically, appellant asserted that Baker[7]
refused to return his phone calls, misinformed him about his potential sentence
upon revocation, failed to prepare or discuss appellant=s
defense, failed to prepare witnesses for the hearing on the State=s
petitions, and failed to file a notice of appeal.[8]


In February 2008, the trial court entered an
order recommending that the Court of Criminal Appeals should grant appellant an
out-of-time direct appeal and that it should then dismiss appellant=s habeas
claims as premature.  On March 5, 2008,
the Court of Criminal Appeals accepted the trial court=s
recommendations and ordered that appellant could appeal.  Ex parte Aranda, Nos. AP‑75,860,
AP‑75,861, 2008 WL 644058, at *1 (Tex. Crim. App. Mar. 5, 2008).  Appellant timely perfected these appeals.








In March 2008, appellant requested the court
reporter to prepare a reporter=s record
of the proceedings related to the hearing on the State=s
petitions to adjudicate.  In June 2008,
we received a note from the court reporter stating that he did not make a
record of those proceedings; we notified the parties that no reporter=s record
is available.

Ineffective Assistance of Counsel

In his sole point, appellant argues that Baker
provided him with ineffective assistance by failing to request a record of the
hearing on the State=s petitions to adjudicate, which
denies him a meaningful appeal.  An
appellant may raise a claim of ineffective assistance of counsel at a
punishment hearing after the trial court adjudicates guilt.[9]  See Grammer v. State, 268 S.W.3d 774,
777 (Tex. App.CWaco 2008, pet. filed).








To establish ineffective assistance of counsel,
appellant must show by a preponderance of the evidence that his counsel=s
representation fell below the standard of prevailing professional norms and
that there is a reasonable probability that, but for counsel=s
deficiency, the result of the trial would have been different.  Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005); Mallett v. State, 65 S.W.3d 59, 62B63 (Tex.
Crim. App. 2001); Thompson v. State, 9 S.W.3d 808, 812 (Tex.
Crim. App. 1999). 








In evaluating the effectiveness of counsel under
the first prong, we look to the totality of the representation[10]
and the particular circumstances of each case. 
Thompson, 9 S.W.3d at 813. 
The issue is whether counsel=s
assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.  See Strickland, 466 U.S. at 688B89, 104
S. Ct. at 2065.  Review of counsel=s
representation is highly deferential, and the reviewing court indulges a strong
presumption that counsel=s conduct fell within a wide
range of reasonable representation.  Salinas,
163 S.W.3d at 740; Mallett, 65 S.W.3d at 63.  A reviewing court will rarely be in a
position on direct appeal to fairly evaluate the merits of an ineffective
assistance claim.  Thompson, 9
S.W.3d at 813B14.  AIn the
majority of cases, the record on direct appeal is undeveloped and cannot
adequately reflect the motives behind trial counsel=s
actions.@  Salinas, 163 S.W.3d at 740 (quoting Mallett,
65 S.W.3d at 63).  To overcome the
presumption of reasonable professional assistance, Aany
allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness.@  Id. (quoting Thompson, 9 S.W.3d
at 813).  It is not appropriate for an
appellate court to simply infer ineffective assistance based upon unclear
portions of the record.  Mata v. State,
226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

The second prong of Strickland requires a
showing that counsel=s errors were so serious that
they deprived the defendant of a fair and reliable trial.  Strickland, 466 U.S. at 687, 104 S.
Ct. at 2064.  In other words, appellant
must show there is a reasonable probability that, but for counsel=s
unprofessional errors, the result of the proceeding would have been
different.  Id. at 694, 104 S. Ct.
at 2068.  A reasonable probability is a
probability sufficient to undermine confidence in the outcome.  Id. 
The ultimate focus of our inquiry must be on the fundamental fairness of
the proceeding in which the result is being challenged.  Id. at 697, 104 S. Ct. at 2070.  








If the case law evaluating counsel=s
conduct is unclear or unsettled, appellant is not entitled to relief.  See Ex parte Welch, 981 S.W.2d 183,
184 (Tex. Crim. App. 1998).  Also, where
the record is not sufficiently developed to allow us to do more than speculate
as to the strategies of counsel, we cannot sustain an ineffective assistance
claim.  See Downs v. State, 244
S.W.3d 511, 515 (Tex. App.CFort
Worth 2007, pet. ref=d).








A court reporter must generally make a full
record of all proceedings.  Tex. R. App.
P. 13.1; see Velazquez v. State, 222 S.W.3d 551, 556 (Tex. App.CHouston
[14th Dist.] 2007, no pet.).[11]  However, to preserve error related to a court
reporter=s
failure to do so, a defendant must object. 
Valle v. State, 109 S.W.3d 500, 508B09 (Tex.
Crim. App. 2003); Velazquez, 222 S.W.3d at 556B57; Brossette
v. State, 99 S.W.3d 277, 285 (Tex. App.CTexarkana
2003, pet. dism=d) (holding that the appellant
forfeited his complaint about the reporter=s
failure to record the trial court=s
reading of a jury charge because of a failure to object).  Appellant concedes that he was required to
object to the exclusion of a record, and he also concedes that there is no
indication he did so or that he exercised due diligence in requesting that a
record be made.  See Cheek v. State,
65 S.W.3d 728, 730 (Tex. App.CWaco
2001, no pet.) (explaining the requirement of due diligence in requesting a
reporter=s
record).  He claims, however, that Baker=s
failure to make such an objection or exercise such diligence amounted to per se
ineffective assistance because it deprived him of an opportunity to evaluate
possible errors at trial, therefore robbing him of a meaningful appeal.

In Gonzales v. State, the Houston (First
District) Court of Appeals resolved an appellant=s claim
that his trial counsel was ineffective because he failed to request that a
record be made of voir dire.  732 S.W.2d
67, 68 (Tex. App.CHouston [1st Dist.] 1987, no
pet.).  The court noted that the
appellant alleged no specific harm from his counsel=s action
other than failure to preserve a possible error.  Id. 
The court then refused to hold that Afailure
to request recordation of voir dire is per se ineffective assistance of counsel
requiring reversal because harm has not been shown, and an appellate court
cannot speculate as to what may or may not have transpired at trial.@[12]  Id.








Similarly, in Lopez v. State, the
appellant contended that her counsel=s
performance was deficient for failing to request transcription of voir
dire.  838 S.W.2d 758, 760 (Tex. App.CCorpus
Christi 1992, no pet.).  The Corpus
Christi Court of Appeals held that A[w]ithout
more, we do not believe failure to request transcription of voir dire is
ineffective assistance of counsel per se. Some injury resulting from the
failure to request transcription must be raised by appellant on appeal.@  Id.; see Reyna v. State, 434
S.W.2d 362, 364 (Tex. Crim. App. 1968) (explaining that there is no reversible
error where an Aappellant fails to specify any
error to which the transcription of the court reporter=s notes
. . . would be relevant@); Green v. State, 841
S.W.2d 926, 927 (Tex. App.CCorpus
Christi 1992, no pet.); Smith v. State, 751 S.W.2d 902, 908 (Tex. App.CHouston
[14th Dist.] 1988, no pet.); see also Allen v. State, No. 02‑03‑00201‑CR,
2004 WL 393251, at *2 (Tex. App.CFort
Worth Mar. 4, 2004, pet. ref=d) (mem.
op., not designated for publication) (overruling an ineffective assistance
claim because, in part, the appellant did not Aprovide
any case law demonstrating that a counsel=s
failure to require a court reporter to record punishment proceedings
constitutes ineffective assistance@).[13]








Appellant has not specified any alleged error to
which the reporter=s record in this case would have
been relevant; rather, he has only contended that the absence of the record
precluded him from finding a possible error. 
Like the cases cited above, we hold that such a contention is
insufficient to establish ineffective assistance of counsel.  Specifically, we conclude that without a
designated error to which the reporter=s record
had relevance, appellant cannot show a reasonable probability that, but for
Baker=s
failure to request a record, the trial court=s
punishment decision after his adjudication of guilt would have been different.[14]  See Strickland, 466 U.S. at 694, 104
S. Ct. at 2068.    

Appellant also contends that he should be granted
a new trial on the basis of rule of appellate procedure 34.6(f), and he cites
several cases related to the requirements of that rule.[15]  Tex. R. App. P. 34.6(f).  Rule 34.6(f) states that 

[a]n appellant is
entitled to a new trial under the following circumstances:

 

(1) if the appellant has
timely requested a reporter's record;

 








(2) if, without the
appellant=s fault, a significant
exhibit or a significant portion of the court reporter=s notes and records has
been lost or destroyed orCif the proceedings were electronically recordedCa significant portion of
the recording has been lost or destroyed or is inaudible;

 

(3) if the lost,
destroyed, or inaudible portion of the reporter=s record, or the lost
or destroyed exhibit, is necessary to the appeal=s resolution; and

 

(4) if the lost,
destroyed or inaudible portion of the reporter=s record cannot be
replaced by agreement of the parties, or the lost or destroyed exhibit
cannot be replaced either by agreement of the parties or with a copy determined
by the trial court to accurately duplicate with reasonable certainty the
original exhibit.

 








Id. (emphasis added); see Yates v. State, 1
S.W.3d 277, 278 (Tex. App.CFort
Worth 1999, pet. ref=d).  Appellant cannot satisfy the requirements of
rule 34.6(f) because he cannot show that any portion of the record related to
the adjudication hearing was lost or destroyed; rather, he admits that no record
of the proceeding was made.  See
Williams v. State, 937 S.W.2d 479, 486 (Tex. Crim. App. 1996) (analyzing
former appellate procedure rule 50(e), which also concerned lost or destroyed
records, and holding that when Athe
complaining party cannot show that the court reporter ever recorded the missing
proceedings, he is not entitled to a new trial@); see
also Killough v. State, No. 04‑07‑00762‑CR, 2008 WL
506286, at *1 (Tex. App.CSan Antonio Feb. 27, 2008, pet.
ref=d) (mem.
op., not designated for publication) (applying the Williams decision to
rule 34.6(f)).  Therefore, we also reject
appellant=s contention that the trial
court=s
judgment should be reversed on this ground. 
For these reasons, we overrule appellant=s sole
issue.

Conclusion

Having overruled appellant=s only
issue, we affirm the trial court=s
judgment.   

 

TERRIE
LIVINGSTON

JUSTICE

PANEL:  LIVINGSTON and MCCOY, JJ.; and WILLIAM
BRIGHAM, J. (Senior Justice, Retired, Sitting by Assignment).

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  February 5, 2009











[1]See Tex. R. App. P. 47.4.





[2]Aggravated robbery is a
first degree felony that carries a punishment range of five to ninety-nine
years= confinement.  Tex. Penal Code Ann. '' 12.32(a), 29.03(b)
(Vernon 2003).  





[3]See Tex. Code Crim. Proc.
Ann. art. 26.13(a) (Vernon Supp. 2008).  






[4]In September and November
2004, the trial court supplemented the conditions of appellant=s community supervision. 





[5]During oral argument,
appellant=s counsel conceded that
appellant failed drug tests.





[6]Handwritten notes in the
clerk=s record indicate that
appellant pled true.  This indication is
supported by documents attached to appellant=s brief and by appellant=s counsel=s statements during oral
argument.





[7]A judgment entered in May
2008 assessed a partially probated suspension of Baker=s law license for his
neglecting to provide meaningful legal services on a client=s behalf (for instance,
he failed to return phone calls and failed to meet with the client).  We reject appellant=s implication that Baker=s conduct in that case
affects our analysis of whether he provided effective assistance to appellant.





[8]Appellant raised none of
these grounds for ineffective assistance in this appeal; instead, the sole
allegation of ineffective assistance concerns Baker=s failure to request a
reporter=s record of the hearing
on the State=s petitions to
adjudicate.





[9]We must limit our
analysis and holding in this case to the trial court=s punishment
decision.  Because it occurred in 2005,
we do not have jurisdiction to review the trial court=s adjudication of
appellant=s guilt on his robbery
charges, though we do have jurisdiction to review the punishment decision
related to that adjudication.  See
Davis v. State, 195 S.W.3d 708, 710B11 (Tex. Crim. App. 2006); Sanchez v. State,
222 S.W.3d 85, 90 n.5 (Tex. App.CTyler 2006, no pet.) (mem. op.) (noting that
courts may Areview the issue of
ineffective assistance of counsel as it pertains to matters subsequent to the
trial court=s decision to proceed with
adjudication@); Tatum v. State,
166 S.W.3d 362, 364 (Tex. App.CFort Worth 2005, pet. ref=d).  Effective June 15, 2007, the legislature
amended the code of criminal procedure to omit the provision that no appeal may
be taken from a trial court=s adjudication of guilt.  Tex. Code Crim. Proc. Ann. art. 42.12 ' 5(b) (Vernon Supp.
2008); see Durgan v. State, 240 S.W.3d 875, 878 n.1 (Tex. Crim. App.
2007).

 

 





[10]However, a single
egregious error of omission or commission by counsel may constitute ineffective
assistance.  Thompson, 9 S.W.3d at
813.

 





[11]Parties may agree on a
statement of the case in lieu of a reporter=s record; however, such a statement has not been
submitted in this case.  See Tex. R.
App. P. 34.3.





[12]That same court has since
reiterated that the Afailure to request a
court reporter for some phase of trial does not constitute ineffective
assistance of counsel per se.@  Williams
v. State, No. 01‑94‑00688‑CR, 1995 WL 62747, at *1 (Tex.
App.CHouston [1st Dist.] Feb.
16, 1995, pet. ref=d) (not designated for
publication).  





[13]Appellant has similarly
not cited us to any such cases, nor have we found any.





[14]We note that the specific
punishment decision made by the trial courtCten years= confinementCis at the lower end of the five to ninety-nine
year spectrum available to the court.   





[15]Though appellant labeled
his only point of error as a challenge to the effectiveness of his counsel, the
body of his brief also discusses rule 34.6(f).