

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NOS. 2-08-119-CR
### 2-08-120-CR

DANIEL ELI ARANDA A/K/A                                    APPELLANT
DANIEL ARANDA

V.

THE STATE OF TEXAS                                              STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------
### Introduction

Appellant Daniel Eli Aranda a/k/a Daniel Aranda appeals his two

convictions for aggravated robbery. *See* Tex. Penal Code Ann. § 29.03

---

[1] *See* Tex. R. App. P. 47.4.

(Vernon 2003).[2] In one point, appellant contends that his trial counsel was per se ineffective by failing to request a reporter's record. We affirm.

**Background Facts**

In 2002, a Tarrant County grand jury issued two indictments against appellant; each indictment charged him with attempted capital murder and aggravated robbery. The indictments alleged that in February 2002, appellant shot two individuals with a gun while committing robbery.

In February 2003, after the State waived the attempted capital murder charges and the trial court properly gave written admonishments,[3] appellant entered judicial confessions, waived his constitutional and statutory rights, and pled guilty to the two aggravated robbery charges. The trial court deferred adjudication of appellant's guilt and placed him on community supervision for seven years. Among the terms of his community supervision, the trial court required appellant to commit no further offenses, avoid illegal use of controlled substances (and submit to testing and out-patient treatment related to such

---

[2] Aggravated robbery is a first degree felony that carries a punishment range of five to ninety-nine years' confinement. Tex. Penal Code Ann. §§ 12.32(a), 29.03(b) (Vernon 2003).

[3] *See* Tex. Code Crim. Proc. Ann. art. 26.13(a) (Vernon Supp. 2008).

substances), and report monthly to the Tarrant County community supervision office.[4]

In June 2005, the State filed petitions to proceed to the adjudication of appellant's aggravated robbery charges, alleging that appellant had violated the terms of his community supervision by using cocaine,[5] failing to complete out-patient treatment, and failing to report. In November 2005, while aided by his trial attorney, Jeremy Baker, appellant pled true to the allegations in the State's petitions.[6] The trial court determined that the State's allegations were true, found appellant guilty of the aggravated robberies, and sentenced him to ten years' confinement.

Appellant initially neglected to file a notice of appeal; however, in November 2006, appellant filed an application for a writ of habeas corpus in the trial court, contending that Baker provided him with ineffective assistance

---

[4] In September and November 2004, the trial court supplemented the conditions of appellant's community supervision.

[5] During oral argument, appellant's counsel conceded that appellant failed drug tests.

[6] Handwritten notes in the clerk's record indicate that appellant pled true. This indication is supported by documents attached to appellant's brief and by appellant's counsel's statements during oral argument.

3

during his adjudication proceeding. Specifically, appellant asserted that Baker[7] refused to return his phone calls, misinformed him about his potential sentence upon revocation, failed to prepare or discuss appellant's defense, failed to prepare witnesses for the hearing on the State's petitions, and failed to file a notice of appeal.[8]

In February 2008, the trial court entered an order recommending that the Court of Criminal Appeals should grant appellant an out-of-time direct appeal and that it should then dismiss appellant's habeas claims as premature. On March 5, 2008, the Court of Criminal Appeals accepted the trial court's recommendations and ordered that appellant could appeal. *Ex parte Aranda*, Nos. AP-75,860, AP-75,861, 2008 WL 644058, at *1 (Tex. Crim. App. Mar. 5, 2008). Appellant timely perfected these appeals.

---

[7] A judgment entered in May 2008 assessed a partially probated suspension of Baker's law license for his neglecting to provide meaningful legal services on a client's behalf (for instance, he failed to return phone calls and failed to meet with the client). We reject appellant's implication that Baker's conduct in that case affects our analysis of whether he provided effective assistance to appellant.

[8] Appellant raised none of these grounds for ineffective assistance in this appeal; instead, the sole allegation of ineffective assistance concerns Baker's failure to request a reporter's record of the hearing on the State's petitions to adjudicate.

In March 2008, appellant requested the court reporter to prepare a reporter's record of the proceedings related to the hearing on the State's petitions to adjudicate. In June 2008, we received a note from the court reporter stating that he did not make a record of those proceedings; we notified the parties that no reporter's record is available.

**Ineffective Assistance of Counsel**

In his sole point, appellant argues that Baker provided him with ineffective assistance by failing to request a record of the hearing on the State's petitions to adjudicate, which denies him a meaningful appeal. An appellant may raise a claim of ineffective assistance of counsel at a punishment hearing after the

trial court adjudicates guilt.[9] *See Grammer v. State*, 268 S.W.3d 774, 777 (Tex. App.—Waco 2008, pet. filed).

To establish ineffective assistance of counsel, appellant must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

---

[9] We must limit our analysis and holding in this case to the trial court's punishment decision. Because it occurred in 2005, we do not have jurisdiction to review the trial court's adjudication of appellant's guilt on his robbery charges, though we do have jurisdiction to review the punishment decision related to that adjudication. *See Davis v. State*, 195 S.W.3d 708, 710–11 (Tex. Crim. App. 2006); *Sanchez v. State*, 222 S.W.3d 85, 90 n.5 (Tex. App.—Tyler 2006, no pet.) (mem. op.) (noting that courts may "review the issue of ineffective assistance of counsel as it pertains to matters subsequent to the trial court's decision to proceed with adjudication"); *Tatum v. State*, 166 S.W.3d 362, 364 (Tex. App.—Fort Worth 2005, pet. ref'd). Effective June 15, 2007, the legislature amended the code of criminal procedure to omit the provision that no appeal may be taken from a trial court's adjudication of guilt. Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon Supp. 2008); *see Durgan v. State*, 240 S.W.3d 875, 878 n.1 (Tex. Crim. App. 2007).

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation[10] and the particular circumstances of each case. *Thompson*, 9 S.W.3d at 813. The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error. *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065. Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Salinas*, 163 S.W.3d at 740; *Mallett*, 65 S.W.3d at 63. A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim. *Thompson*, 9 S.W.3d at 813–14. "In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions." *Salinas*, 163 S.W.3d at 740 (quoting *Mallett*, 65 S.W.3d at 63). To overcome the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.* (quoting *Thompson*, 9 S.W.3d at 813). It is not

---

[10] However, a single egregious error of omission or commission by counsel may constitute ineffective assistance. *Thompson*, 9 S.W.3d at 813.

appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record. *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

The second prong of *Strickland* requires a showing that counsel's errors were so serious that they deprived the defendant of a fair and reliable trial. *Strickland,* 466 U.S. at 687, 104 S. Ct. at 2064. In other words, appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S. Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding in which the result is being challenged. *Id.* at 697, 104 S. Ct. at 2070.

If the case law evaluating counsel's conduct is unclear or unsettled, appellant is not entitled to relief. *See Ex parte Welch*, 981 S.W.2d 183, 184 (Tex. Crim. App. 1998). Also, where the record is not sufficiently developed to allow us to do more than speculate as to the strategies of counsel, we cannot sustain an ineffective assistance claim. *See Downs v. State*, 244 S.W.3d 511, 515 (Tex. App.—Fort Worth 2007, pet. ref'd).

A court reporter must generally make a full record of all proceedings. Tex. R. App. P. 13.1; *see Velazquez v. State*, 222 S.W.3d 551, 556 (Tex.

8

App.—Houston [14th Dist.] 2007, no pet.).[11] However, to preserve error related to a court reporter's failure to do so, a defendant must object. *Valle v. State*, 109 S.W.3d 500, 508–09 (Tex. Crim. App. 2003); *Velazquez*, 222 S.W.3d at 556–57; *Brossette v. State*, 99 S.W.3d 277, 285 (Tex. App.—Texarkana 2003, pet. dism'd) (holding that the appellant forfeited his complaint about the reporter's failure to record the trial court's reading of a jury charge because of a failure to object). Appellant concedes that he was required to object to the exclusion of a record, and he also concedes that there is no indication he did so or that he exercised due diligence in requesting that a record be made. *See Cheek v. State*, 65 S.W.3d 728, 730 (Tex. App.—Waco 2001, no pet.) (explaining the requirement of due diligence in requesting a reporter's record). He claims, however, that Baker's failure to make such an objection or exercise such diligence amounted to per se ineffective assistance because it deprived him of an opportunity to evaluate possible errors at trial, therefore robbing him of a meaningful appeal.

In *Gonzales v. State*, the Houston (First District) Court of Appeals resolved an appellant's claim that his trial counsel was ineffective because he

---

[11] Parties may agree on a statement of the case in lieu of a reporter's record; however, such a statement has not been submitted in this case. *See* Tex. R. App. P. 34.3.

failed to request that a record be made of voir dire. 732 S.W.2d 67, 68 (Tex. App.—Houston [1st Dist.] 1987, no pet.). The court noted that the appellant alleged no specific harm from his counsel's action other than failure to preserve a possible error. *Id.* The court then refused to hold that "failure to request recordation of voir dire is per se ineffective assistance of counsel requiring reversal because harm has not been shown, and an appellate court cannot speculate as to what may or may not have transpired at trial."[12] *Id.*

Similarly, in *Lopez v. State*, the appellant contended that her counsel's performance was deficient for failing to request transcription of voir dire. 838 S.W.2d 758, 760 (Tex. App.—Corpus Christi 1992, no pet.). The Corpus Christi Court of Appeals held that "[w]ithout more, we do not believe failure to request transcription of voir dire is ineffective assistance of counsel *per se*. Some injury resulting from the failure to request transcription must be raised by appellant on appeal." *Id.*; *see Reyna v. State*, 434 S.W.2d 362, 364 (Tex. Crim. App. 1968) (explaining that there is no reversible error where an "appellant fails to specify any error to which the transcription of the court

---

[12] That same court has since reiterated that the "failure to request a court reporter for some phase of trial does not constitute ineffective assistance of counsel per se." *Williams v. State*, No. 01-94-00688-CR, 1995 WL 62747, at *1 (Tex. App.—Houston [1st Dist.] Feb. 16, 1995, pet. ref'd) (not designated for publication).

reporter's notes . . . would be relevant"); *Green v. State*, 841 S.W.2d 926, 927 (Tex. App.—Corpus Christi 1992, no pet.); *Smith v. State*, 751 S.W.2d 902, 908 (Tex. App.—Houston [14th Dist.] 1988, no pet.); *see also Allen v. State*, No. 02-03-00201-CR, 2004 WL 393251, at *2 (Tex. App.—Fort Worth Mar. 4, 2004, pet. ref'd) (mem. op., not designated for publication) (overruling an ineffective assistance claim because, in part, the appellant did not "provide any case law demonstrating that a counsel's failure to require a court reporter to record punishment proceedings constitutes ineffective assistance").[13]

Appellant has not specified any alleged error to which the reporter's record in this case would have been relevant; rather, he has only contended that the absence of the record precluded him from finding a possible error. Like the cases cited above, we hold that such a contention is insufficient to establish ineffective assistance of counsel. Specifically, we conclude that without a designated error to which the reporter's record had relevance, appellant cannot show a reasonable probability that, but for Baker's failure to request a record, the trial court's punishment decision after his adjudication of

---

[13] Appellant has similarly not cited us to any such cases, nor have we found any.

guilt would have been different.[14] *See Strickland,* 466 U.S. at 694, 104 S. Ct. at 2068.

Appellant also contends that he should be granted a new trial on the basis of rule of appellate procedure 34.6(f), and he cites several cases related to the requirements of that rule.[15] Tex. R. App. P. 34.6(f). Rule 34.6(f) states that

> [a]n appellant is entitled to a new trial under the following circumstances:
>
> (1) if the appellant has timely requested a reporter's record;
>
> (2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been *lost or destroyed* or—if the proceedings were electronically recorded—a significant portion of the recording has been *lost or destroyed* or is inaudible;
>
> (3) if the *lost, destroyed*, or inaudible portion of the reporter's record, or the *lost or destroyed* exhibit, is necessary to the appeal's resolution; and
>
> (4) if the *lost, destroyed* or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the *lost or destroyed* exhibit cannot be replaced either by agreement of the parties or with a

---

[14] We note that the specific punishment decision made by the trial court—ten years' confinement—is at the lower end of the five to ninety-nine year spectrum available to the court.

[15] Though appellant labeled his only point of error as a challenge to the effectiveness of his counsel, the body of his brief also discusses rule 34.6(f).

12

> copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

*Id.* (emphasis added); *see Yates v. State*, 1 S.W.3d 277, 278 (Tex. App.—Fort Worth 1999, pet. ref'd). Appellant cannot satisfy the requirements of rule 34.6(f) because he cannot show that any portion of the record related to the adjudication hearing was lost or destroyed; rather, he admits that no record of the proceeding was made. *See Williams v. State*, 937 S.W.2d 479, 486 (Tex. Crim. App. 1996) (analyzing former appellate procedure rule 50(e), which also concerned lost or destroyed records, and holding that when "the complaining party cannot show that the court reporter ever recorded the missing proceedings, he is not entitled to a new trial"); *see also Killough v. State*, No. 04-07-00762-CR, 2008 WL 506286, at *1 (Tex. App.—San Antonio Feb. 27, 2008, pet. ref'd) (mem. op., not designated for publication) (applying the *Williams* decision to rule 34.6(f)). Therefore, we also reject appellant's contention that the trial court's judgment should be reversed on this ground. For these reasons, we overrule appellant's sole issue.

## Conclusion

Having overruled appellant's only issue, we affirm the trial court's judgment.

13

TERRIE LIVINGSTON
JUSTICE

PANEL:  LIVINGSTON and MCCOY, JJ.; and WILLIAM BRIGHAM, J. (Senior Justice, Retired, Sitting by Assignment).

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  February 5, 2009

14